563 P.2d 371 (1977)
Gary M. BALL et al., Plaintiffs-Appellants,
v.
Donald J. WELLER, Defendant-Appellee.
No. 76-040.
Colorado Court of Appeals, Division III.
February 3, 1977.
Rehearing Denied March 10, 1977.
Certiorari Denied May 9, 1977.
Leslie G. Berkowitz, Denver, for plaintiffs-appellants.
George W. Boland, Boulder, for defendant-appellee.
Before BERMAN, VanCISE and STERNBERG, JJ.
BERMAN, Judge.
Plaintiffs obtained a judgment on their claims against their former landlord for the willful refusal to return their security deposits in violation of § 38-12-103(3)(a), C.R.S.1973. They bring this appeal on the sole *372 ground that it was error to deny them an award of reasonable attorney fees as provided in § 38-12-103(3)(a), C.R.S.1973. We agree and reverse.
At trial, plaintiffs' attorney did not present any witnesses or other extrinsic evidence regarding attorney fees, but did comment in closing argument concerning such fees and requested that the court, in its discretion, determine their reasonable value. An Affidavit of Attorneys Fees was filed after trial, and served upon the defendant's counsel.
An order was issued granting treble damages for willful, wrongful withholding of the security deposits, but, as to the request for attorney fees, the court ruled:
"The plaintiffs' request that attorney's fees be included in the judgment must be denied because no evidence was produced at the trial that the amount requested as attorney's fees was actually paid or incurred and that the amount of the claimed attorney's fees was reasonable. Absent such evidence, the request for attorney's [fees] cannot be allowed."
Section 38-12-103(3)(a), C.R.S.1973, provides as follows:
"The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorneys' fees and court costs; except that the tenant has the obligation to give notice to the landlord of his intention to file legal proceedings a minimum of seven days prior to filing said action."
From a consideration of the language of the entire statute, it is evident that the legislative purpose of § 38-12-103, C.R.S.1973, is to assure that tenants will not be wrongfully deprived of their security deposits, and that if so deprived they will be entitled to adequate judicial relief. The reason the statute provides for an award of attorney fees is two-fold: First, to insulate the award of damages from being substantially reduced by the fees, and second, to encourage the private bar to enforce its provisions in actions which generally involve small amounts of money. Consequently, we hold that when a successful plaintiff has requested attorney fees in his complaint, such an award is mandatory, and it becomes incumbent upon the trial court to hold a hearing to determine the amount of reasonable attorney fees to be awarded. See Heatherridge Management Co. v. Benson, Colo., 558 P.2d 435 (announced December 6, 1976), where the court reversed a judgment for attorney fees under § 38-12-103, C.R.S.1973, because the fees had been awarded without a hearing as to their reasonableness but remanded for such a hearing rather than only reversing because of lack of evidence.
So, too, here we reverse the holding of the trial court refusing attorney fees and remand the case to the trial court for a hearing on the reasonableness of the attorney fees claimed, and, as in Heatherridge, the trial court may consider fees incurred on this appeal in framing its award.
Cases such as Rock Wool Insulating Co. v. Huston, 141 Colo. 13, 346 P.2d 576, and Waterman v. Sullivan, 156 Colo. 195, 397 P.2d 739, relied upon by appellee, are inapposite here since they concern awards of attorney fees pursuant to terms of contract, rather than statute.
The judgment is reversed and the cause remanded for further proceedings consonant with the views here expressed.
VanCISE and STERNBERG, JJ., concur.