## No. C-1052

**Carole A. Martin v. Doug Allen, d/b/a Allen Associates**

(566 P.2d 1075)

Decided July 25, 1977.

Joan S. Brett, for petitioner.

Keith J. Vandenberge, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

In 1976, pursuant to section 38-12-103, C.R.S. 1973, the Arapahoe County Court awarded tenant, petitioner here, $300 in damages and $200 in attorney's fees for the respondent-landlord's improper retention of the tenant's security deposit. The amount of the fees was determined from the lawyer's testimony concerning her normal hourly rate and the amount of time spent on this case. Additionally, the tenant testified that she was aware of the hourly rate and of her obligation to pay. The landlord appealed to the district court on all issues, and, although the judgment for the willful retention of the security deposit was affirmed, the district court reversed the award of attorney's fees stating that the tenant had failed to show "a specific amount that had been paid or incurred." Furthermore, the district court refused to award attorney's fees for the appeal contending that such an award was not authorized by statute. We granted certiorari to review these conclusions and we now reverse as to both.

Section 38-12-103, C.R.S. 1973, authorizes the award of treble the amount of a security deposit and reasonable attorney's fees when a landlord willfully fails to return the deposit within thirty days of termination of the leasehold. This statute, salutary in nature, is designed to assist tenants in vindicating their legal rights and to equalize the disparity in power which exists between landlord and tenant in conflicts over such relatively small sums. To deny attorney's fees to tenants who are forced to prosecute an appeal would undercut the objectives of these provisions. Landlords, by the simple expedient of an appeal, could effectively discourage tenants from obtaining legal redress. We, therefore, hold that tenants who are successful on appeal are entitled to an award of reasonable attorney's fees. *See Heatherridge Management Company v. Benson*, 192 Colo. 190, 558 P.2d 435 (1976). *Cf. International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347 (Tex. 1971); *Francisco v. Board of Directors of Bellevue Public Schools*, 11 Wash. App. 763, 525 P.2d 278 (1974), *aff'd*, 85 Wash. App. 712, 537 P.2d 789 (1975).

Furthermore, the tenant in this case was entitled to the attorney's fees awarded by the county court. Neither side disputes that the amount awarded in this case was, in fact, reasonable, and the record adequately supports both the fact that the tenant incurred an obligation to her lawyer and the amount of that obligation. *See Reese v. Lietzan*, 160 Colo. 253, 419 P.2d 959 (1966).

The judgment of the district court is reversed and the cause remanded for a determination and award of additional reasonable attorney's fees for the appeal.

MR. JUSTICE ERICKSON does not participate.