EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

SAFEWAY STORES, INCORPORATED, Defendant-Appellee, and Cross-Appellant,

and

Retail Clerks Union, Local No. 7, Butcher Workmen of North America, AFL–CIO, Local No. 634, the International Union of Operating Engineers, Local Union No. 1, Delivery Drivers, Warehousemen and Helpers, Local Union No. 435, Milk Drivers and Dairy Employees Local No. 537, Warehouse and Distribution Employees Union, Local No. 452, Bakery Wagon Drivers and Salesmens Local Union No. 219, and District Lodge No. 86, International Association of Machinists and Aerospace Workers, Rule 19(a)(2) Defendants,

and

Benjamin Maes, Claimant-Appellant and Cross-Appellee.

Nos. 78–1986, 78–1987.

United States Court of Appeals, Tenth Circuit.

Submitted April 20, 1979.

Decided May 4, 1979.

Holland & Hart, Gregory A. Eurich and Richard W. Comfort, Jr., Denver, Colo., for Safeway Stores, Incorporated, defendant-appellee and cross-appellant.

Richard A. Winkel, Denver, Colo., for Benjamin Maes, claimant-appellant and cross-appellee.

Before McWILLIAMS, McKAY and LO-GAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This appeal and cross-appeal relate to an award of attorney's fees in a Title VII employment discrimination case. The Equal Employment Opportunity Commission filed a complaint against Safeway Stores charging discriminatory employment practices. A consent decree was entered in that proceeding which, *inter alia,* reserved individual claims of discrimination for resolution by a court-appointed Special Master.

Benjamin Maes, a former employee of Safeway, filed a claim with the Master. Although his claim set forth nine instances of alleged discrimination, only two were actually heard by the Master. Apparently some time prior to the filing of his claims, Maes and Safeway Stores had effected a so-called "no fault" settlement whereby Safeway, without admitting liability, paid Maes $1,385.67, and Maes in turn waived all claims relating to events occurring prior to January 12, 1976. The stipulation executed pursuant to the settlement provided that to the extent the amount paid Maes by Safeway exceeded the back pay due for a two-week suspension commencing on December 27, 1975, such excess would be applied on any sum subsequently found by the Master to be due and owing in connection with a four-week suspension commencing on January 23, 1976. In any event, Maes, in the claim he filed with the Master, asked for only $209 as back pay still due him in connection with both suspensions.

Maes' second claim heard by the Master was based on discriminatory work assignments, which Maes said resulted in injury and constructive discharge because of his inability to continue work. As to this claim, Maes sought the difference between workmen's compensation benefits which he had received and the amount of pay he would have received had he not been injured, plus compensatory damages for his injury.

The two claims referred to above came on for hearing before the Special Master. The hearing lasted two days and the Master later filed his report in which he denied Maes' claim of discriminatory work assign-

ments, but granted Maes' claim based on an illegal four-week suspension commencing on January 23, 1976. This report was approved by the district court, and the claim based on discriminatory suspension was referred back to the Master for recommendation as to appropriate remedial action.

The parties thereafter stipulated that the back pay still due Maes for the four-week suspension commencing on January 23, 1976, was $229.51. The matter of a reasonable attorney's fee could not be agreed upon, and this issue was presented to the Master.

Counsel for Maes submitted a claim for an attorney's fee in the amount of $4,327.50. The Master recommended an award of an attorney's fee in the amount of $1,800, such sum representing 45 hours of legal services at the rate of $40 per hour. This award was later reduced by the district court to $550. From that award both Maes and Safeway appeal. Maes claims that the award is too low, and Safeway asserts that the reduced award is still too high.

On appeal Maes argues that the district court abused its discretion in reducing the award recommended by the Master and that its award of $550 is clearly erroneous. Safeway argues that the district court's award is still disproportionate to the extent to which Maes prevailed on his claims of discrimination. We do not agree with either Maes or Safeway. Accordingly, we affirm.

It is agreed that Maes is entitled to an award of attorney's fees. 42 U.S.C. § 2000e–5(k). It is also agreed that the amount of an award of attorney's fees is within the sound discretion of the trial court and, on appeal, should not be disturbed unless there be an abuse of that discretion. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The present dispute between the parties largely centers around the "extent" to which Maes prevailed in his discrimination claims. Safeway states that Maes "lost" the gravamen of his complaint when the charge of discriminatory work assignment and resulting injury and constructive dis-

charge was dismissed. According to Safeway, Maes only prevailed on a relatively small part of his total claim, i. e.; the January 1975 discriminatory suspension charge, and the award in connection therewith was for only $229.51. Maes, in turn, suggests that the prior settlement between the parties in the sum of $1,385.67 must also be taken into consideration in determining the extent to which he has prevailed, and that the most important factor is that he has in fact prevailed in his overall charge that Safeway discriminated against him because of his national origin.

The dollar amount of an attorney's fee to be awarded in a case of this type depends upon the extent to which the plaintiff himself prevailed in his civil right's action. *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir. 1978); *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263 (10th Cir. 1975); *Muller v. United States Steel Corp.,* 509 F.2d 923 (10th Cir.), *cert. denied,* 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). The extent to which a plaintiff has prevailed in a civil rights action is not, for example, necessarily limited to a back pay award. See *Sprogis v. United Airlines, Inc.,* 517 F.2d 387 (7th Cir. 1975). There are many factors to be considered, and the size of any monetary award is but one. See *Johnson v. Georgia Highway Express, Inc., supra; Keyes v. School Dist. No. 1, Denver, Colo.,* 439 F.Supp. 393 (D.Colo.1977). As is evidenced by its six-page memorandum order, the trial court in the instant case carefully considered the various factors which had pertinency and bearing on the determination of just what would, under all the circumstances, be a reasonable attorney's fee. Such being the case, we are disinclined to disturb his resolution of the matter.

Judgment affirmed.