**Martin TORRES, Petitioner,**

v.

**Ted PORTILLOS and Priscilla Portillos, Respondents.**

**No. 81 SC 136.**

Supreme Court of Colorado, En Banc.

Dec. 14, 1981.

Clinton A. Smith, Pueblo, for petitioner.

No appearance for respondents.

DUBOFSKY, Justice.

We granted certiorari to review a ruling by the district court of the Tenth Judicial District that the provision of section 38–12–103(3)(a) mandating an award of attorneys' fees and court costs to a tenant is unconstitutional because it denies a landlord equal protection of the laws and equal access to the courts. We determine that the statutory provision is constitutional and reverse the judgment of the district court.

Martin Torres (tenant) brought an action in the county court under section 38–12–103(3)(a), C.R.S.1973,[1] to recover a $100.00 security deposit withheld by Ted and Priscilla Portillos (landlords). The county court found that the landlords wrongfully and willfully withheld the tenant's security deposit and awarded him treble damages. However, the court refused to award the tenant attorneys' fees and court costs. The tenant appealed the county court's refusal to award him attorneys' fees and costs to the district court.[2]

On appeal the district court sustained the treble damages award, ruling that the county court's finding of wrongful and willful withholding was based on competent and sufficient evidence.[3] Although the district court also held that the county court erroneously disregarded the provision of section 38–12–103(3)(a) mandating an award of attorneys' fees and court costs to the tenant, it concluded that the fees provision was unconstitutional. The district court therefore affirmed the county court's judgment awarding the tenant treble damages but refusing to award him attorneys' fees and court costs.

The tenant challenges the district court's decision on several grounds. First he notes that the statute does not mandate an award of treble damages and attorneys' fees in every case in which a tenant is successful in recovering a security deposit. Second, he argues that section 13–17–101, C.R.S.1973 (1980 Supp.),[4] confers a reciprocal right to an award of attorneys' fees on a landlord who prevails in a section 38–12–103(3)(a) action. Finally, the tenant complains that

1. Section 38–12–103(3)(a) provides: "The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, *together with reasonable attorneys' fees and court costs....*" (Emphasis added.)

2. The tenant also appealed the county court's award of damages on the landlords' counterclaim for necessary repairs to the apartment and for a portion of the rent which the landlords claimed due on the tenancy. On appeal, the landlords sought a full month's rent and attorneys' fees.

3. The district court reduced the county court award for damages to the apartment, finding the evidence insufficient to sustain the award. The district court also found that the lessor retook possession of the premises which relieved the lessee of any subsequent rental pay-

ments. And, finally, the district court ruled that the defendants were not entitled to attorneys' fees because the lease upon which the claim was based was not in effect at the time the dispute arose. None of these issues are before us on certiorari.

4. Section 13–17–101 provides:

(1) Subject to the provisions of subsections (2) and (3) of this section, in any suit involving money damages in any court of this state, the court shall award ... as part of its judgment ... reasonable attorney fees.

\*　\*　\*　\*　\*　\*

(3) The court shall not award attorney fees among the parties unless it finds that the bringing, maintaining, or defense of the action against the party entitled to such award was frivolous or groundless....

the district court failed to take into account the legislative purpose effectuated by the fee provision of section 38–12–103(3)(a). We believe that the legislative purpose behind the statute supplies a rational basis for the statutory distinction drawn between tenants and landlords, and therefore, we uphold the statute as constitutional.

The district court decided that a mandatory award of attorneys' fees to a prevailing tenant-plaintiff under section 38–12–103(3)(a) denies a landlord-defendant equal protection of the laws, U.S.Const., Amend. XIV, and equal access to the courts, Colo. Const., Art. II, Sec. 6. The district court relied on More v. Johnson, 193 Colo. 489, 568 P.2d 437 (1977), in which we held that the provision of section 13–40–123, C.R.S.1973 [5] mandating an award of attorneys' fees to a successful plaintiff in an unlawful detainer action violates the guarantees of U.S. Const., Amend. XIV, and Colo.Const., Art. II, Sec. 6 because a successful defendant is not entitled to recover attorneys' fees. The district court concluded that section 38–12–103(3)(a) suffers from the same defect: if the tenant prevails, he is entitled to attorneys' fees; if the landlord prevails, either because he lawfully withheld the security deposit or because his wrongful action in withholding the security deposit was not "willful," he is not entitled to attorneys' fees.

The tenant attempts to distinguish the lack of correspondent or reciprocal rights for a landlord in the unlawful detainer action from the security deposit statute by pointing to two ameliorating considerations. Under the security deposit law, treble damages and attorneys' fees cannot be recovered unless the tenant proves the retention was "willful" or "deliberate," Turner v. Lyons, 189 Colo. 234, 539 P.2d 1241 (1975), and the landlord fails to meet his burden of proving that the deposit was not retained

"wrongfully" or "in bad faith." Section 38–12–103(3)(b); Guzman v. McDonald, 194 Colo. 160, 570 P.2d 532 (1977); see Martinez v. Steinbaum, Colo., 623 P.2d 49 (1981). He also argues that section 13–17–101(3), under which a landlord is entitled to recover fees from a tenant if the tenant's action for treble damages is "frivolous" or "groundless," provides the landlord with a reciprocal right to attorneys' fees. We disagree. A treble damages action under section 38–12–103(3)(a) cannot be characterized as "frivolous" or "groundless" merely because the landlord prevails on the merits of his defense. See Guzman v. McDonald, supra. Clearly, the landlord's right to attorneys' fees for a "frivolous" or "groundless" action and the tenant's right are not co-extensive within the meaning of More v. Johnson, supra.

■ The tenant's persuasive argument is that the district court in its application of More v. Johnson, supra, failed to consider the legislative purpose effectuated by the fee provision in section 38–12–103(3)(a) when it declared the statute unconstitutional.[6] The two standards of review of legislation which has been challenged as unconstitutional are the rational relationship test and the strict scrutiny test. Under the rational relationship test, we ask only whether it is conceivable that the classification established by the legislation bears a rational relationship to a permissible governmental purpose. Heninger v. Charnes, Colo., 613 P.2d 884 (1980); Nowak, Rotunda & Young, Constitutional Law at 524 (1978). The other type of review under equal protection, the strict scrutiny test, will not accept every permissible governmental purpose as sufficient to support a classification, but will instead require the government to show that it is pursuing a "compelling" or "overriding" end—one whose value is so

---

**5.** Section 13–40–123 provides:

> If the plaintiff recovers in any action brought under the provisions of this article, he is entitled to recover damages, reasonable attorney fees, and costs of suit, against the person found guilty. . . .

**6.** Without discussing legislative purpose, the court in More invalidated the fee provision of section 13–40–123 as a denial of equal protection, U.S.Const. Amend. XIV, and equal access to the courts, Colo.Const. Art. II, Sec. 6; it did not delineate the constitutional analysis which led to its conclusion.

great that it justifies the limitation of fundamental constitutional values. *Heninger v. Charnes, supra; Jeffrey v. Colorado State Department of Social Services,* 198 Colo. 265, 599 P.2d 874 (1979); Nowak, .et al., *supra.* This test is applicable to the attorneys' fees provision of the security deposit law only if equality of opportunity to recover attorneys' fees in civil litigation is a "fundamental" right.

Federal precedents interpreting *U.S. Const.* Amend. XIV do not justify ascription of "fundamental" status to the right in question. *See Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (appellate court filing fee does not deny an indigent equal protection because an increase in welfare payments is not fundamental); *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (filing fee for bankruptcy petitions does not deny an indigent equal protection because the right to a discharge in bankruptcy is not fundamental); *cf. Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (filing fee for divorce proceedings denies an indigent equal protection because it is an exclusive precondition to the adjustment of a fundamental human relationship).

■ Colorado cases construing *Colo. Const.,* Art. II, Sec. 25 do not resolve whether equality of opportunity to recover attorneys' fees is "fundamental." Our decision in *Turner v. Lyons, supra,* suggests that equality of opportunity to recover attorneys' fees should not be a fundamental right under the state constitution. In *Turner,* we struck down as a denial of equal protection and equal access to the courts the clause of section 38–12–103(2) which provided that a landlord who failed to timely furnish his tenant with a written statement of his reasons for retaining the tenant's security deposit forfeited his right to

bring an action against the tenant for damages to the rented property. We applied the rational basis test to invalidate the provision because it drew an unreasonable and discriminatory class distinction between secured landlords who lost all damage causes of action against their tenants and unsecured landlords who did not. In *Turner,* there is no suggestion that the landlord's right to sue his tenant for damages is "fundamental" under *Colo.Const.,* Art. II, Sec. 25. We see no reason why equal opportunity to recover attorneys' fees should be more fundamental than initial access to the court; nor do we see a reason why the lack of equal opportunity to recover attorneys' fees denies initial access to the courts. *Colo.Const.,* Art. II, Sec. 6.

■ Having concluded that the rational relation test applies, we turn to the governmental purpose effectuated by the attorneys' fees provision. The legislative declaration in section 38–12–101 of the security deposits act states:

> The provisions of this part. 1 shall be liberally construed to implement the intent of the general assembly to insure the proper administration of security deposits and protect the interests of tenants and landlords.

The Court of Appeals, in *Ball v. Weller,* 39 Colo.App. 14, 563 P.2d 371 (1977), identified the purposes of 38–12–103(3)(a) as (1) insulating the award of damages to the plaintiff from being substantially depleted by attorneys' fees, and (2) encouraging the private bar to enforce the provisions of section 38–12–103 in actions which generally involve only small sums of money.[7] *See also Martin v. Allen,* 193 Colo. 395, 566 P.2d 1075 (1977). These legitimate aims supply a rational basis for the distinction section 38–12–103 draws between prevailing tenant-plaintiffs, who are entitled to fees, and prevailing landlord-defendants, who are not.

---

7. A commentator cites *Ball,* describing the Colorado Security Deposit Act adopted in 1971 as "designed to make it economically feasible for the tenant of a residential dwelling unit to secure repayment of his security deposit at the termination of the lease, even though the amount of the deposit was too small to justify filing suit.... [R]ecovery of the tenant's attorneys' fees is the single most important factor encouraging a tenant to seek repayment of a security deposit." Yee, "The Colorado Security Deposit Act," 50 *U.Colo.L.Rev.* 29, 38 (1978).

Therefore, we uphold the attorneys' fees and court costs provision of section 38–12–103(3)(a) as constitutional. The legislative purposes set out in *Ball v. Weller, supra,* supply a rational basis for the statutory distinction drawn between tenants and landlords.

We reverse the judgment of the district court and remand the case to be returned to the county court for a determination of the appropriate amount of attorneys' fees.[8]

8. The record indicates that the tenant's attorney sought a fee of $50 an hour, and he spent five hours on the case prior to trial. A prevailing treble damage claimant is entitled to court costs and reasonable attorneys' fees, including those incurred on appeal. *Martinez v. Steinbaum, supra.*