**Don MAU and Nancy Mau, Petitioners,**

**v.**

**E.P.H. CORPORATION, Respondent.**

**No. 79SC257.**

Supreme Court of Colorado,
En Banc.

Dec. 28, 1981.

Rehearing Denied Jan. 18, 1982.

---

Donald E. Janklow, Jane S. Hazen, Robert G. Heiserman, Greeley, for petitioners.

Southard & Ashlock, William H. Southard, Greeley, for respondent.

DUBOFSKY, Justice.

We granted certiorari to review the Weld County district court's affirmance of a county court award of an attorney's fee in a successful action by tenants for wrongful withholding of their security deposit. The county court reduced the fee requested by the tenants' counsel under section 38–12–103(3)(a), C.R.S. 1973 [1] without explanation. The district court summarily affirmed the county court's decision. We determine that it was improper for the county court to reduce the fee without giving reasons for the reduction, and we reverse the judgment of the district court and return the case to that court with directions to remand to the county court for a redetermination of the appropriate attorney fee.

Don and Nancy Mau (tenants) brought an action in 1977 in the county court under section 38–12–103(3)(a), C.R.S. 1973 to recover a $100 security deposit withheld by E.P.H. Corporation (landlord). Following an all-day trial, the jury found that the landlord had wrongfully and willfully withheld the tenants' security deposit and awarded treble damages of $300. The tenants requested attorneys' fees of $1140, a sum arrived at by multiplying a $40 hourly fee by 28.5, the number of hours the tenants' attorney had spent on the case. The court held a separate hearing on the fee request and later issued an order which found that an award of attorneys' fees was proper in the case. The order stated that the reasonable value of the services of the tenants' attorney was $461, which, divided by 28.5 hours, amounts to $16.17 per hour. The county court subsequently denied the tenants' motion for rehearing or additional findings, and the tenants appealed the county court's refusal to award the requested fee. The district court found no abuse of discretion by the trial court and affirmed the county court's ruling.

The evidence before the county court at the fee hearing included the written agree-

---

1. Section 38–12–103(3)(a) provides:

    The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that por-

tion of the security deposit wrongfully withheld from the tenant, *together with reasonable attorneys' fees and court costs*. . . . (Emphasis added.)

ment of the tenants to pay their attorney $40 an hour, the attorney's affidavit that he spent 28.5 hours on the case, and his testimony that $40 per hour was his customary fee in 1977 when the case was filed. The attorney also testified about his expertise in landlord-tenant law, stating that since his admission to practice in 1972 and as counsel to the Associated Students of the University of Northern Colorado, he had tried a number of landlord-tenant matters and lectured at conferences on landlord-tenant law. Another Greeley attorney testified that from his review of the file in the case and his experience in security deposit cases, the hourly rate and the amount of time spent by the tenants' attorney were reasonable. The landlord's counsel cross-examined the witnesses but offered no testimony to contradict the evidence supporting the requested fee.[2]

■ The tenant contends that there is no evidence in the record which would support an award of less than $1140. He also argues that, as a matter of law, a trial court must make findings of fact and conclusions of law sufficient to sustain the award. We agree.

We described the legislative purpose in adopting the attorneys' fee provision of section 38–12–103(3)(a) as insulating the award of damages to the plaintiff from being substantially depleted by attorneys' fees and encouraging the private bar to enforce the provisions of section 38–12–103 in actions which generally involve only small sums of money. *Torres v. Portillos,* Colo., 638 P.2d 274 (1981); *Ball v. Weller,* 39 Colo.App. 14, 563 P.2d 371 (1977); *Martin v. Allen,* 193 Colo. 395, 566 P.2d 1075 (1977). Reasonable attorneys' fees under the security deposit statute have been awarded often, *Torres v. Portillos, supra; Martinez v. Steinbaum,* Colo., 623 P.2d 49 (1981); *Guzman v. McDonald,* 194 Colo. 160,

570 P.2d 532 (1977); *Heatherridge Management Company v. Benson,* 192 Colo. 190, 558 P.2d 435 (1976); *Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975); *Ball v. Weller, supra,* but the criteria for measuring the proper amount of the award have not been spelled out.

Here, the tenants and the landlord refer to the criteria for establishment of reasonable attorneys' fees set out in the attorneys' Code of Professional Responsibility as the proper measure for the fees incident to the tenants' relief. C.R.C.P. DR 2–106(B) provides:

... Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal·services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

In *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979), an employee action for past compensation and vacation pay, we upheld the award of attorneys' fees under section 8–4–114, C.R.S. 1973, as reasonable based upon the factors set out in C.R.C.P. DR 2–106(B).[3]

---

**2.** The landlord essentially relied on his claim that the attorneys' fee provision of the security deposit law was unconstitutional. The trial court disagreed with his contention, and the landlord did not pursue it on appeal. We recently upheld the constitutionality of the attorneys' fee provision in section 38–12–103(3)(a), C.R.S. 1973. *Torres v. Portillos,* Colo., 638 P.2d 274 (1981).

**3.** Section 8–4–114, C.R.S. 1973 provides:

■ The landlord, however, would have the court ground its ruling exclusively on the factor of the amount of judgment involved. Exclusive reliance on this single criterion undermines the purpose of the security deposit law. In addition, case law listing factors for consideration in attorneys' fees disputes reminds us that no one of these factors is conclusive, and a court should consider them all. *Hartman v. Freedman, supra. See Equal Employment Opportunity Commission v. Safeway Stores, Inc.,* 597 F.2d 251 (10th Cir. 1979). The amount recovered is only one factor to be considered in fashioning an appropriate fee award. *Furtado v. Bishop,* 635 F.2d 915 (1st Cir. 1980) (Furtado II); *Furtado v. Bishop,* 604 F.2d 80 (1st Cir. 1979) (Furtado I).

■ The federal courts have adopted guidelines consistent with C.R.C.P. DR 2–106 for attorneys' fees in cases eligible under the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988. The guidelines add to the list of relevant factors "the undesirability of the case" and "awards in similar cases." *Battle v. Anderson,* 614 F.2d 251 (10th Cir. 1980); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *See* House of Representatives Report No. 1558, 94th Cong., 2d Sess. 8 (1976); Senate Report No. 1011, 94th Cong., 2d Sess. 6 (1976), U.S.Code Cong. & Admin. News 1976, p. 5908. *See also Duran v. Lamm,* Colo.App. (No. 81CA0215, announced December 3, 1981). Security deposit cases are not as complex as civil rights litigation, nor do they have the same broad social purpose. Nevertheless, the General Assembly has provided a court remedy against landlords who withhold security deposits willfully and wrongfully, and the tenant's attorney should be paid for the time necessary to prevail. As we indicated *supra,* absent reasonable attorneys' fees, the security deposit law would not be enforced.

The tenants surmise that the county court's low award may have been based in part on evidence that the University of Northern Colorado students' association furnished the attorney with an office and secretarial help, and paid him a retainer of $1150 per month. This evidence alone would not justify reducing the attorney's fee awarded in this case. In civil rights cases, attorneys' fees are awarded to attorneys employed by a public interest firm or organization on the same basis as to a private practitioner. *Mary and Crystal v. Ramsden,* 635 F.2d 590 (7th Cir. 1980); *Reynolds v. Coomey,* 567 F.2d 1166 (1st Cir. 1978); *Keyes v. School District No. 1, Denver, Col.,* 439 F.Supp. 393 (D.Col.1977). This practice recognizes the intent of Congress to provide counsel fees in civil rights cases that are "adequate to attract competent counsel. . . ." S.Rep.No. 1011, *supra* at 6, U.S.Code Cong. & Admin.News 1976, p. 5913. The Tenth Circuit has held that an award which does not fully compensate an attorney for his time plainly does not meet the standard of reasonable fees required in civil rights cases. *Gurule v. Wilson,* 635 F.2d 782 (10th Cir. 1980).

■ If the fee requested is reasonable in light of community standards and the other criteria to be considered by the court, it is not appropriate for a court to take into consideration what a major client may pay the attorney on an hourly basis or the possible absence of overhead expenses comparable to those borne by lawyers in private practice. *Mary and Crystal v. Ramsden, supra.*

■ In the case before us it is impossible to determine the basis for the trial court's award of attorneys' fees because the court did not spell out its reasons for reaching its conclusion. The landlord argues that, under C.R.C.P. 352, a county court is not required to make written findings. Although written findings are not required, it is an elementary axiom of procedural due process that where significant rights are at issue, the decisionmaker must state the reasons for his determination. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287

Whenever it is necessary for an employee to commence a civil action for recovery or collection of wages and penalties due as provided by sections 8–4–104 and 8–4–105, the judgment in such action shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action.

(1970); *McGhee v. Draper*, 564 F.2d 902 (10th Cir. 1977); *Staton v. Mayes*, 552 F.2d 908 (10th Cir. 1977). In order for the appellate court to determine the ground on which it reached its decision, the county court must state on the record its reasons for a ruling. *See* C.R.C.P. 52, *Hipps v. Hennig*, 167 Colo. 358, 447 P.2d 700 (1978); *Murray v. Rock*, 147 Colo. 561, 364 P.2d 393 (1961); *Mowry v. Jackson*, 140 Colo. 197, 343 P.2d 833 (1959). Findings made by the county court must be explicit enough "to give the appellate court a clear understanding of the basis of [its] decision." *Mowry v. Jackson*, 343 P.2d at 836. The record in this case cannot be evaluated without further amplification of the grounds for the county court's award.

We direct that the district court remand this case for a redetermination of attorneys' fees for the tenants. In making this award, the court should articulate the reasons upon which it bases its decision. *Gurule v. Wilson, supra; Love v. Mayor of Cheyenne*, 620 F.2d 235 (10th Cir. 1980). Attorneys' fees allowable include those incurred in resolving the fee issue, *Gurule v. Wilson*, and those incurred on appeal. *Martinez v. Steinbaum, supra; Martin v. Allen, supra*.

Judgment reversed.