Daniel A. KIRKLAND,
Plaintiff-Appellant,

v.

Everett ALLEN and Gracie Allen,
Defendants-Appellees.

No. 81CA0937.

Colorado Court of Appeals,
Div. I.

Feb. 9, 1984.

Quinn, Mihalik & Wing, Timothy Quinn, Denver, for plaintiff-appellant.

James G. Anderson, Aurora, for defendants-appellees.

BERMAN, Judge.

Plaintiff, Daniel A. Kirkland (tenant), appeals the trial court's decision denying him

the return of his security deposit; a proportionate share of his last month's rent, paid in advance; treble damages; and reasonable attorney's fees for the willful and wrongful detention of plaintiff's security deposit by defendants, Everett and Gracie Allen (landlords). We reverse and remand.

In August 1979, the tenant and the landlords entered into an apartment rental agreement for a term of one year. Pursuant to that agreement, the tenant advanced to the landlords the sum of $615. Of that amount, $250 served as damage deposit and $365 served as the rent for August 1980, which was the last month of the rental agreement. The agreement further provided for payment of rent on the first of each month.

In early December 1979, the tenant informed the landlords that he would not pay rent until certain repairs were made to the rented premises. The evidence indicated that the rented premises was not only plagued with plumbing and structural problems, but was also infested with rodents to the point that the tenant and his wife occasionally discovered small bites from the varmints on their arms and legs upon awakening in the morning.

On December 7, 1979, and in response to the tenant's stated intention to withhold rent, the landlords terminated plaintiff's tenancy, pursuant to the Forcible Entry and Detainer statute, § 13–40–107, C.R.S. On December 12, 1979, the tenant moved out of the premises.

On December 27, 1979, the landlords provided the tenant with written notice of their intention to retain tenant's entire security deposit because of the following alleged breaches of the rental contract by tenant: (1) failing to pay rent on December 1, 1979, (2) moving prior to the expiration of the twelve-month lease term, and (3) keeping a pet on the premises. Tenant denies having received a copy of this notice.

On January 16, 1980, tenant's attorney mailed to landlords notice of tenant's intent to file suit, as required by § 38–12–103(3)(a), C.R.S. (1982 Repl.Vol. 16A),

which notice the landlords received on January 17, 1980. Tenant then sued the landlords for return of his deposit ($615) less $182 due for pro-rated rent of the premises through December 12, 1979, plus treble damages for landlords' willful, wrongful retention of the security deposit.

In May 1981, the trial court held in favor of the landlords, finding that the tenant had breached the rental contract, which breach was not excused by the conditions of the premises; that the landlords provided the statutory notice required by § 38–12–103(3), C.R.S. (1982 Repl.Vol. 16A); that the rental agreement contained an enforceable provision for liquidated damages in the amount of $615 in the event of contractual breach; and that, in any event, landlords could not be liable for treble damages because their notice of intent to retain tenant's security deposit was, at the least, made in good faith.

In June 1981, tenant filed a motion for new trial, which motion was denied. This appeal followed.

## I.

■ The first issue which arises on appeal is whether the tenant materially breached the rental contract by failing to pay rent when it became due in December 1979, or whether the landlords breached the contract prior to that time by breaching the covenant of quiet enjoyment. Although the tenant does not raise the specific doctrine of constructive eviction on appeal, the issues of breach and damages, which were raised by tenant on appeal, are sufficient to put this doctrine before us.

■ The covenant of quiet enjoyment, to which tenant herein was entitled in the rented premises, is breached by:

"[A]ny disturbance of the lessee's possession by his lessor which renders the premises unfit for occupancy for the purposes for which they were leased, *or* which deprives the lessee of the beneficial enjoyment of the premises, causing him to abandon them ...." *Radinsky v.*

*Weaver,* 170 Colo. 169, 460 P.2d 218 (1969) (emphasis supplied).

Although tenant did not immediately abandon the rented premises upon discovery of the infestation of rodents, the plumbing problems, the less-than-weatherproof and generally abysmal condition of the house, such fact is not dispositive since "a showing of abandonment is not required in all cases." *Isbill Associates, Inc. v. City & County of Denver,* 666 P.2d 1117 (Colo. App.1983).

■ In *Isbill Associates, supra,* announced after trial of this case, we held that "one need not show abandonment; rather, one need prove only a 'disturbance of ... possession ... which renders the premises unfit for the purpose for which they were leased,'" and that "[p]roof of flooding in an area where technical drawings are stored presents, at the least, a jury question of whether the covenant of quiet enjoyment has been breached." *Isbill Associates, supra.* Similarly, we hold that proof of rodent, plumbing, and structural problems in the leased premises presents, at the least, a question of fact of whether the landlords herein breached the covenant of quiet enjoyment before the alleged breaches of the tenant occurred. Therefore, the basis of the judgment favoring the landlords was erroneous and requires that we remand the cause for a new trial.

## II.

We address the following three issues because of the likelihood of their being raised on remand. First, the tenant contends that the rental contract did not contain any valid or enforceable liquidated damages provision. We agree.

■ Under our Supreme Court's opinion in *Perino v. Jarvis,* 135 Colo. 393, 312 P.2d 108 (1957), a liquidated damages provision is void unless three conditions are present: (1) the anticipated damages must be "uncertain in amount or difficult to be proved"; (2) the parties must have "intended to liquidate [the damages] in advance"; and (3) "the amount [of damages] stated [must be] a reasonable one, that is, not greatly disproportionate to the presumable loss or injury." Here, landlords cannot demonstrate why any damages resulting from tenant's breach are "difficult to prove." We see no legal or practical impediment to the landlords' proving the amount of any lost profits, the amount of pro-rated rent due for the first 12 days of December 1979, or the dollar amount of any unusual damage to the carpeting by tenant's dog.

■ In sum, the liquidated damages provision in the rental agreement at issue here fails both the first and third prong of the *Perino* test and the contractual provision is, therefore, void. Accordingly, if the tenant breached the contract, the amount of damages resulting from tenant's breach to which landlords are entitled must be modified by the trial court on remand to reflect actual, as opposed to liquidated, damages. And the landlords shall have the burden of proving their claim for damage to the rented premises, as an offset to tenant's claim under § 38–12–103, C.R.S. (1982 Repl.Vol. 16A), by a "preponderance of the evidence." *Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975).

## III.

Tenant's second contention on appeal is that he is entitled to treble damages under § 38–12–103(3)(a), C.R.S. (1982 Repl.Vol. 16A). That provision states:

"The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorneys' fees and court costs; except that the tenant has the obligation to give notice to the landlord of his intention to file legal proceedings a minimum of seven days prior to filing said action."

■ Where a landlord deliberately fails to return the security deposit within the additional seven day period, such retention is logically "willful" under subsection 3(a).

*Turner v. Lyon, supra.* Under this analysis, there is no question that, here, the landlords' retention of tenant's security deposit was "willful."

■ However, should the trial court, on remand, find that the tenant did breach the rental contract, only a portion of the security deposit would have been retained "in violation of this section (§ 38–12–103)." Hence, treble damages would attach to only that portion of the money wrongfully retained. *Turner v. Lyon, supra.*

### IV.

■ Tenant's third claim on appeal is for attorney's fees. Tenants who are successful on appeal are entitled to an award of reasonable attorney's fees. *Martin v. Allen,* 193 Colo. 395, 566 P.2d 1075 (1977). Such an award is mandatory and, therefore, it is incumbent upon the trial court to hold a hearing to determine the amount of attorney's fees the tenant herein is reasonably to be awarded. *Ball v. Weller,* 39 Colo.App. 14, 563 P.2d 371 (1977).

The judgment is reversed and the cause is remanded to the trial court to conduct a hearing concerning: (1) whether, in light of *Isbill Associates, supra,* it was the landlords or the tenant who initially breached the contract, that is, whether the landlords disturbed tenant's possession such that the premises were rendered unfit for the purpose for which they were leased, thereby excusing tenant's subsequent, alleged breach of contract; (2) the amount of actual damages sustained by the non-breaching party; (3) the portion of tenant's security deposit which landlords retained without actual cause and which is subject to treble damages; and (4) the reasonable amount of attorney's fees to be awarded to the tenant, taking into consideration, the fees incurred on this appeal. *Ball v. Weller, supra.* After determining who breached the contract, the trial court is further instructed to award any breach of contract damages to the non-breaching party or parties, and to award any wrongfully retained security deposit, less $182 due for pro-rated rent through December 12, 1979, plus treble damages and attorney's fees to the tenant.

PIERCE and METZGER, JJ., concur.