Rodney Paul **WILLIAMS and Jo Maria Gatewood, a/k/a Jo Maria Gatewood–Williams, individually, and as husband and wife, Plaintiffs–Appellees and Cross–Appellants,**

v.

**FARMERS INSURANCE GROUP, INC., a California corporation; and Mid–Century Insurance Company, a California corporation, Defendants–Appellants and Cross–Appellees.**

**No. 87CA0091.**

Colorado Court of Appeals,
Div. I.

Aug. 17, 1989.
Rehearing Denied Sept. 14, 1989.

See also 720 P.2d 598.

Pryor, Carney and Johnson, P.C., Thomas L. Roberts, Englewood, Carol E. Gilman, Denver, for plaintiffs-appellees and cross-appellants.

Hall & Evans, Arthur R. Karstaedt, III, Eugene O. Daniels, Thomas N. Alfrey, Denver, for defendants-appellants and cross-appellees.

Opinion by Judge REED.

Defendants, Farmers Insurance Group, Inc. (Farmers) and Mid–Century Insurance Company (Mid–Century), appeal from the final judgment entered following a jury trial in which verdicts were returned

against them in favor of plaintiffs, Rodney and Jo Maria Gatewood–Williams. We affirm.

Following their involvement in a single car accident, plaintiffs requested and received from Mid–Century lost wage and medical benefits under the Personal Injury Protection (PIP) coverage of Rodney Williams' automobile policy issued by Mid–Century. After paying these benefits to plaintiffs for five months, Mid–Century refused to make additional payments to them.

Subsequently, plaintiffs brought this action against the defendants seeking recovery under § 10–4–708, C.R.S. (1987 Repl. Vol. 4A) of the Colorado Auto Accident Reparations Act for unpaid PIP benefits, attorney fees, and treble damages for their nonpayment. Plaintiffs also sought damages for bad faith breach of the insurance contract and asserted other tort claims not at issue here.

The jury awarded plaintiffs damages for unpaid benefits of $10,923 and treble damages, $32,769, pursuant to § 10–4–708(1), C.R.S. (1987 Repl. Vol 4A), finding that defendants' denial of benefits was willful and wanton. In addition, it awarded $325,000 to Rodney Williams and $25,000 to Jo Maria Gatewood–Williams as compensatory damages on their claims for bad faith breach of insurance contract. These verdicts and judgments were entered against both Farmers and Mid–Century. All other verdicts were in favor of defendants.

### I.

■ Farmers claims that the trial court erred in denying its motion to dismiss. It contends that it does not conduct business in Colorado, that it is simply the attorney in fact and the management company for handling claims against Mid–Century, and that plaintiffs have established no contractual relationship between themselves and Farmers. While we acknowledge the absence of a direct contractual relationship between Farmers and plaintiffs, we disagree with the contention that Farmers is not a proper party.

This precise issue has been addressed by this court in *Farmers Group, Inc. v. Trimble*, 768 P.2d 1243 (Colo.App.1988) (*Trimble II*). As here, Farmers acknowledged that it was the attorney in fact and management company for all of its subsidiary and affiliated insurance companies including Mid–Century. Because of this status and role as attorney in fact and management agent, this court found that a unique relationship existed between the contracting plaintiffs and Farmers.

Given this relationship, policyholders submitting claims deal with Farmers in the handling and processing and payment or denial of their claims, even though they have contracted for insurance coverage with Mid–Century or another member of Farmers' subsidiary or affiliated insurance companies. Thus, strict adherence to the general rule that liability for bad faith breach may be imposed only against a party to the insurance contract would permit Farmers to shield itself from liability through the device of a management company. This would deny plaintiffs recovery from the claims-handling entity primarily responsible for their damages. *See Delos v. Farmers Insurance Group, Inc.*, 93 Cal. App.3d 642, 155 Cal.Rptr. 843 (1979). Therefore, we hold that Farmers is liable for the claims asserted here.

### II.

Defendants next contend that § 10–4–708(1), C.R.S. (1987 Repl.Vol. 4A) is plaintiffs' exclusive remedy for Mid–Century's termination of PIP benefits. They argue that enactment of the Colorado Auto Accident Reparations Act, § 10–4–701, et. seq., C.R.S. (1987 Repl.Vol. 4A) (the Act) has provided a statutory remedy in contract and preempted the existing common law tort action of bad faith breach of insurance contract. We disagree.

■ The primary task of courts in construing statutes is to determine and give effect to the legislative intent. *People v. District Court*, 713 P.2d 918 (Colo.1986). Abolition of a common law remedy by statute is usually not accomplished unless the

statute expressly so states. *Robinson v. Kerr*, 144 Colo. 48, 355 P.2d 117 (1960).

■ The Act was passed "to avoid inadequate compensation to victims of automobile accidents." Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A). It is to be liberally construed to further its remedial and beneficent purposes giving effect to its plain and obvious meaning. *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976). The legislative intent behind the Act is to maximize rather than minimize insurance coverage. *Leland v. Travelers Indemnity Co.*, 712 P.2d 1060 (Colo.App.1985).

■ To meet these objectives, the provisions of the Act specifically define, as here pertinent, the PIP benefits that are recoverable and the limit of their recovery. Sections 10–4–706(1)(b) through (e), C.R.S. (1987 Repl.Vol. 4A). In general, they relate, within monetary limits, to medical expenses, rehabilitation expenses, necessary daily expenses, and benefits calculated as a percentage of weekly loss of income caused by the accident. These PIP claims are contractual in nature and entirely independent of tort liability. *Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863 (Colo.1983).

In contrast, damages resulting from bad faith in the handling of an insurance claim arise from tort and are not restricted to the enumerated benefits but include consequential damages and emotional distress. *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370 (Colo.App.1982), *aff'd*, 691 P.2d 1138 (Colo.1984) (*Trimble I*).

■ Thus, recovery under the Act and under a claim for bad faith breach of insurance contract differs both as to the bases for the recovery and as to the damages recoverable. However, we must ascertain, as contended by defendants, whether the statutory scheme "articulates a legislative decision to establish exclusive as well as comprehensive remedies for injuries that are covered by the Act," *Savio v. Travelers Insurance Co.*, 678 P.2d 549 (Colo.App. 1983), *aff'd*, 706 P.2d 1258 (Colo.1985), and

whether a claim for bad faith is covered by the Act.

While the Act is explicit in defining the benefits provided therein, it is equally explicit in defining, in § 10–4–713, and § 10–4–714, C.R.S. (1987 Repl.Vol. 4A), the tort recovery which is precluded by the Act. No mention is made within these latter sections of the tort of bad faith breach of contract. Further, analysis of the Act as a whole fails to reveal any implication of legislative intent to preclude other supplementary remedies. This is particularly true where, as here, the injury of bad faith arose not out of the injuries justifying PIP recovery, but rather out of the subsequent conduct of the defendants in the manner in which they denied coverage. *See Savio v. Travelers Insurance Co., supra* (recovery premised on bad faith in handling of claim not precluded by exclusivity of Workmen's Compensation Act).

Relying on *Silverstein v. Sisters of Charity*, 38 Colo.App. 286, 559 P.2d 716 (1976), defendants further contend that because the Act created legal duties and prescribed a particular means for their enforcement, the designated remedy excluded all other remedies. We reject this argument.

In *Silverstein*, the statute conferred new rights and duties unknown at common law, but granted no right of private recovery. Thus, plaintiff could not recover on a claim that had neither a statutory nor common law basis. This is inapposite to the situation here in which the plaintiffs were vested with a valid common law claim. *See also Trimble I, supra; Leland v. Travelers Indemnity Co., supra* (tort claims including bad faith reinstated without discussion notwithstanding PIP recovery).

We conclude that the Act affords the exclusive remedy for recovery of PIP benefits only. Hence, the Act does not preempt a bad faith claim for recovery of non-duplicative damages.

### III.

■ Defendants contend that the trial court erred in instructing the jury concerning the recovery of treble damages for

nonpayment of PIP benefits under § 10–4–708(1), C.R.S. (1987 Repl.Vol. 4A). Specifically, they urge that the trial court, in its instructions, failed to correctly define the terms "willful and wanton" and failed to instruct the jury that a finding of willful and wanton failure to pay benefits must be established beyond a reasonable doubt. We find no error.

We agree with defendants that the trial court, by its instructions, adopted the preponderance of evidence standard. However, contrary to defendants' assertion, an award of treble damages under § 10–4–708(1) requires a willful and wanton finding only by a preponderance of the evidence.

Section 13–25–127(1), C.R.S. (1987 Repl. Vol. 6A), as here pertinent, provides that the burden of proof in any civil action is by a preponderance of the evidence. It is only where a claim is for exemplary damages, "under the circumstances set forth in section 13–21–102" that the standard is proof beyond a reasonable doubt. Section 13–25–127(2), C.R.S. (1987 Repl.Vol. 6A).

There is a distinction between the assessment of a statutory civil penalty and for exemplary damages. *See Dorney v. Harris*, 482 F.Supp. 323 (D.Colo.1980). An analysis of § 10–4–708 (treble damages for willful and wanton nonpayment of PIP benefits) and § 13–21–102, Colo.Sess.Laws 1889 at 84 (providing for exemplary damages at the time the cause was tried) makes this distinction clear.

Under § 10–4–708(1) a "willful and wanton" failure to pay PIP benefits results in an automatic statutory penalty of three times the amount of unpaid benefits. The finder of fact has no discretion in the amount of the award. Nowhere in the statute is this penalty referred to as exemplary damages.

By contrast, § 13–21–102, as here pertinent, permitted recovery of exemplary damages upon a finding of "wanton and reckless disregard of the injured person's rights and feelings," and granted discretion to the jury to determine the amount of the award. Accordingly, the claim for treble damages under § 10–4–708(1) does not fall within the "circumstances" of § 13–21–102 to which exemplary damages apply.

We conclude that a claim for treble damages under § 10–4–708(1) is a statutory claim in a civil action and is not a claim for exemplary damages. Thus, the appropriate standard of proof under § 13–25–127(1) is by a preponderance of the evidence as the court instructed.

■ Defendants further contend that even if the preponderance standard is correct, the trial court erred in incorrectly defining the terms "willful and wanton." However, defendants did not object to this definitional instruction given by the court, but addressed themselves only to the issue of the appropriate standard of proof. Accordingly, this contention will not be considered on appeal. C.R.C.P. 51; *Kitto v. Gilbert*, 39 Colo.App. 374, 570 P.2d 544 (1977).

## IV.

■ Defendants' final challenge concerns the amount of the attorney fees awarded after the first appeal. The evidence presented in support of plaintiffs' claim for attorney fees under the Act was sufficient to justify the $50,000 award. The court specifically found that the plaintiffs were not entitled to recover attorney fees for prosecution of the tort claim for bad faith breach of insurance contract, and accounted for that fact in determining the overall award. Being supported by the evidence, these findings will not be disturbed on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Our resolution renders unnecessary a consideration of the issues raised on cross-appeal.

The judgment is affirmed.

PIERCE and STERNBERG, JJ., concur.