James **SANDERSON, et al., Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. 89–C–1023.**

United States District Court, D. Colorado.

May 29, 1990.

Robert Zupkus, Denver, Colo., for plaintiffs.

Patric LeHouillier, Colorado Springs, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiffs James Sanderson and Musa Ann Sanderson commenced this action on behalf of themselves and their children, Denise Ann Sanderson and Stephanie Dee Sanderson ("the Sandersons"), for breach of contract seeking treble damages (First and Second Claims); for outrageous conduct (Third Claim); and for bad faith seeking punitive damages (Fourth, Fifth, and Seventh Claims). Defendant is Allstate Insurance Company, ("Allstate"), an Illinois corporation. Currently pending is the defendant's motion to dismiss.[1]

The parties have fully briefed the issues and oral argument would not materially

---

1. Allstate filed its motion to dismiss on June 21, 1989. Subsequently, the plaintiffs filed amended complaints on August 4, 1989 and February 5, 1990. Allstate has not renewed its motion to dismiss. Applying the motion to dismiss to the plaintiffs' February 5, 1990 amended complaint, I shall treat the motion as seeking dismissal of the plaintiffs' third, fourth, fifth and seventh claims.

assist the decision process. Jurisdiction is founded on diversity of citizenship under 28 U.S.C. § 1332(a).

Plaintiffs allege the following in their amended complaint: On December 31, 1987, the Sandersons were involved in a car accident near Union, Mississippi. Plaintiffs sustained a variety of physical injuries, including neck and back injuries requiring extensive medical treatment. At the time of the accident, the Sanderson vehicle was insured by the defendant under a "complying policy" pursuant to the Colorado Motor Vehicle Insurance Act, Colo.Rev.Stat. § 10–4–701 et seq. (1987) ("the Act").

Plaintiffs allege that Allstate has refused to pay personal injury protection ("PIP") benefits due under the Act totaling over $70,000 in unpaid hospital and chiropractic care bills. In addition, the plaintiffs allege that the defendant's refusal to pay was in bad faith and constituted outrageous conduct that resulted in severe emotional and mental distress on the part of the entire Sanderson family. Plaintiffs request treble damages under the Act and punitive damages pursuant to their common law claims of bad faith and outrageous conduct.

In its motion to dismiss, the defendant contends that the Act confers exclusive remedies and thus precludes the plaintiffs' common law tort claims. Defendant submits that allowing the plaintiffs to recover both treble damages under the Act and common law punitive damages would be duplicative and in violation of the Excessive Fines and Penalties Clauses of the Colorado and United States Constitutions. Lastly, the defendant claims that the Act's unilateral grant of attorneys fees to successful plaintiffs violates the Fourteenth Amendment's Equal Protection Clause and the Colorado Constitution's Due Process Clause (Colo. Const., Art. 2, Sec. 25) by

unlawfully distinguishing between the classes of successful insureds and successful insurers.

### Preclusion of Common Law Claims

■ *Williams v. Farmers Insurance Group, Inc.*, 781 P.2d 156 (Colo.App.1989), held that the Act does not preclude the common law claim of bad faith breach of insurance contract against an insurer that fails to pay PIP benefits.[2] The court stated:

> "[a]bolition of a common law remedy by statute is usually not accomplished unless the ... statute so states ... [T]he Act is explicit in defining ... the tort recovery which is precluded by the Act. No mention is made within [the Act] ... of the tort of bad faith breach of contract. Further, analysis of the Act as a whole fails to reveal any implication of legislative intent to preclude other supplementary remedies. This is particularly true where, as here, the injury of bad faith arose not out of the injuries justifying PIP recovery, but rather out of the subsequent conduct of the defendants in ... [denying] coverage." *Id.* at 158–59.

The *Williams* opinion went on to emphasize that the plaintiffs' common law claim of bad faith had vested prior to the Act's passage. *Id.* at 159. Focusing on the Act's purpose of maximizing insurance coverage for injured insureds, the court upheld a $350,000 jury verdict on two plaintiffs' bad faith tort claims. *Id.*

Defendant Allstate seeks to dismiss the plaintiffs' bad faith claims solely on the basis that the Act precludes those claims. In this diversity action I am bound by the Colorado courts' interpretation of Colorado law. Therefore, the defendant's motion to dismiss the plaintiffs' bad faith claims must be denied.[3]

---

**2.** The Colorado Supreme Court recently granted certiorari in *Williams v. Farmers Insurance Group, Inc.*, No. 89 SC 552 (Colo. April 2, 1990), in which it will consider whether the Act precludes the common law claim of bad faith breach of insurance contract.

**3.** My colleagues on this court have arrived at mixed interpretations of the Act's preclusive ef-

fect on common law remedies. *See Wilson v. State Farm Mutual Automobile Ins. Co.*, No. 86–M–583 (D.Colo. October 20, 1987) (Matsch, J.) (upholding the outrageous conduct but striking as precluded the bad faith claim); and *Leeper v. Allstate Ins. Co.*, No. 86–K–1610 (D.Colo. July 17, 1987) (Kane, J.) (upholding bad faith and outrageous conduct claims). Judge Kane's ruling was stayed on reassignment to Judge Weinsh-

■ Allstate also asserts that the Act precludes the plaintiffs' common law outrageous conduct claim. Although *Williams* did not specifically address whether the Act preempts the outrageous conduct claim, the *Williams* rationale in upholding the bad faith breach of insurance contract claim applies with equal force to the outrageous conduct claim. As *Williams* pointed out, "PIP claims are contractual in nature and entirely independent of tort liability." *Id.* at 159. "The injury of bad faith arose not out of the injuries justifying PIP recovery, but rather out of the subsequent conduct of the defendants in the manner in which they denied coverage." *Id.*

For these reasons, I hold that the Act does not bar outrageous conduct claims against an insurer that fails to pay PIP benefits. Therefore, the defendant's motion to dismiss the plaintiffs' outrageous conduct claim is denied.

### Damages

Allstate contends that the plaintiff cannot recover both statutory treble damages under the Act and punitive damages under Colo.Rev.Stat. § 13–21–102, arguing that such relief would constitute double recovery violating the Excessive Fines and Penalties Clauses of the Colorado and United States Constitutions.

■ A plaintiff is entitled to only one recovery for a single injury. *Rusch v. Lincoln–Devore Testing Laboratory,* 698 P.2d 832, 834 (Colo.App.1984). Double recovery for the same injury violates principles of basic fairness. But where a plaintiff seeks recovery under independent claims based on allegations of separate injuries, such relief would not be unjust.

■ As stated, *Williams v. Farmers Insurance Group, Inc,* 781 P.2d 156 (Colo. App.1989), held that contract actions for recovery of PIP benefits are entirely independent of tort claims against insurers for bad faith breach of insurance contracts. *Id.* at 159. The court there emphasized

that "damages resulting from bad faith in handling an insurance claim arise from tort and *are not restricted to the enumerated [PIP] benefits but include consequential damages and emotional distress,"* *Id.* (emphasis added). The court concluded, "thus, recovery under the Act and under a claim for bad faith breach of insurance contract differs both as to the bases for the recovery and as to the damages recoverable." *Id.*

For these reasons, and because the plaintiffs allege in their complaint separate injuries pursuant to their contractual and tort claims, I conclude that it would not constitute double recovery to allow a jury to consider both treble damages pursuant to the Act and punitive damages pursuant to the common law tort claims. Should a jury award exemplary or punitive damages under more than one claim, the court has adequate power to prevent double recovery through offsets or other post verdict adjustment of the awards before judgment is entered. Defendant's motion to dismiss the plaintiffs' claim for punitive damages is therefore denied.

### Attorneys Fees

■ Allstate contends that the provision of Colo.Rev.Stat. § 10–4–708, that allows attorneys fees to successful plaintiffs is unconstitutional. Defendant asserts that this statute violates the Fourteenth Amendment's Equal Protection Clause and the Colorado Constitution's Due Process Clause (Colo. Const., Art. 2, Sec. 25) because it fails to provide reciprocal benefits to successful defendants or their insurers. The Colorado Constitution's Due Process Clause includes the right to equal protection of the laws. *People v. Wilhelm,* 676 P.2d 702, 704 (Colo.1984). Corporations qualify as "persons" entitled to equal protection under the 14th Amendment. *Santa Clara County v. Southern Pacific Railroad,* 118 U.S. 394, 6 S.Ct. 1132, 30 L.Ed. 118 (1886); *Archer Daniels Midland Co. v. State,* 690 P.2d 177, 182 (Colo.1984).

ienk pending the Colorado Supreme Court's disposition of *Williams, supra. Leeper v. Allstate*

*Ins. Co.,* No. 86–Z–1610, (D.C.Colo. January 30, 1990).

Under federal and Colorado law, recovery of attorneys fees in civil litigation is not a "fundamental" right. *Torres v. Portillos*, 638 P.2d 274, 277 (Colo.1981). Therefore, the rational basis test is the appropriate standard of review for equal protection purposes. *Id.* *See also Postow v. OBA Federal S & L Assn.*, 627 F.2d 1370, 1387 (D.C.Cir.1980); and *Iowa National Mut. Ins. Co. v. City of Osawatomie, Kansas*, 458 F.2d 1124, 1130–31 (10th Cir.1972). In applying this test, courts are to "ask only whether it is conceivable that the classification established by the legislation bears a rational relationship to a permissible governmental purpose." *Torres*, 638 P.2d at 276.

The purpose of the Colorado Motor Vehicle Insurance Act is "to avoid inadequate compensation to victims of automobile accidents ... and also [to provide] benefits to them." Colo.Rev.Stat. § 10–4–702. The legislative intent behind the Act is to maximize rather than minimize insurance coverage. *Williams v. Farmers Ins. Group, Inc.*, 781 P.2d at 159.

In the absence of a public enforcement mechanism, the attorneys' fees provision works as an incentive to the private bar to enforce the Act. Moreover, the promise of attorneys' fees encourages injured policyholders, often under financial strain following their injuries, to come forward and sue for PIP benefits to which they believe they are entitled. These legitimate aims provide a rational basis for the distinction between prevailing insureds and prevailing insurers. The Colorado legislature incorporated the attorneys' fees provision into the Act's remedial scheme to advance this policy. I therefore conclude that Colo.Rev.Stat. § 10–4–708 does not violate the defendant's right to equal protection of the laws. It follows that the defendant's motion to dismiss the plaintiff's request for attorneys fees must be denied. *See Postow v. OBA Federal S & L Assn.*, 627 F.2d 1370, 1387–88 (D.C.Cir.1980) (upholding the Truth in Lending Act's unilateral grant of attorneys fees to successful borrowers suing under the Act); *Iowa National Mut. Ins. Co. v. City of Osawatomie, Kansas*, 458 F.2d 1124, 1130–31 (10th Cir.1972) (upholding a Kansas statute's provision of attorneys fees to successful insured claimants); and *Torres v. Portillos*, 638 P.2d 274, 277 (Colo. 1981) (upholding Colo.Rev.Stat. § 38–12–103(3)(1)'s unilateral grant of attorneys' fees to successful tenants in suits for security deposits withheld by landlords).

Accordingly, IT IS ORDERED that the defendant Allstate's motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. is denied.