No. 22331.

BERAE COMPANY *v.* JOHN M. GORMAN, JOHN J. GORMAN, AND GEORGE KERSTEN.

(452 P.2d 379)

Decided April 1, 1969.

JAMES B. RADETSKY, JULES ORNSTEIN, for plaintiff in error.

BENTLEY M. MCMULLIN, LELAND R. BRANTING, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

THIS is a landlord-tenant dispute wherein the Berae Company, hereinafter referred to as the plaintiff, made claim as the landlord against its tenants, John M. Gorman, John J. Gorman and George Kersten, hereinafter referred to either as the defendants or by name, for unpaid rent. The trial court sitting without a jury found that the plaintiff by its actions and conduct had terminated the lease and accordingly entered judgment for the defendants. The plaintiff by writ of error now seeks reversal of the judgment thus entered in favor of the defendants.

On or about October 2, 1962 the plaintiff and the defendants entered into a written lease whereby the plaintiff, as the owner of certain commercial property, leased the same to the defendants for a term of 3 years at a monthly rental of $250, the rent to be due on or before the 10th day of every month. Each of the defendants, incidentally, signed the lease agreement in his individual capacity. The rent for May 1964 was not paid on or before the 10th of May, but was thereafter paid on or about May 24, 1964 when an agent for the plaintiff personally called on George Kersten, the one defendant actively engaged in the operation of a meat market in the leased premises. On this particular occasion Kersten delivered to the plaintiff's agent the rent check due on May 10, 1964, which check then paid the rent to June 10, 1964. It should be observed that upon trial the testimony of plaintiff's agent and that of Kersten conflicted in some degree as to just what was said by each, though there

was no dispute but that on that occasion the rent check due on May 10, 1964 was delivered to plaintiff's agent by Kersten.

In any event, the testimony adduced upon trial was that Kersten "closed" the meat market on or about June 4, 1964. Later on, a few days after the rent check due on June 10, 1964 was not forthcoming, the plaintiff went into the leased premises, changed the locks on all the doors, and placed a "For Rent" sign in the store windows. It was undisputed that at the time the plaintiff entered the leased premises the defendants had a comparatively full stock of merchandise on hand. According to the plaintiff, there was a rather distinct odor about the premises to the end that an exterminator was called in by the plaintiff to remedy the situation.

Kersten testified that when he shortly thereafter returned to the store with the intention of reopening the meat market he found that the locks had been changed and that he had no access to the premises. Also, there was some testimony that during the latter part of June 1964, the plaintiff had some discussion with the one defendant, John M. Gorman, and that the latter had evinced some interest in negotiating a new lease, but that these negotiations fell through and did not lead to the execution of a new lease. Also, it was established without dispute that on June 22, 1964 John M. Gorman tendered a check for $250 to the plaintiff, which check, however, was not cashed and was later returned by plaintiff to Gorman.

It was in this general factual setting that the plaintiff on September 8, 1964 filed a complaint against the defendants wherein claim was made for $750, this sum representing the unpaid rent due on June 10, July 10 and August 10, 1964. By answer the defendants denied owing the plaintiff any sum, and as one of their many affirmative answers alleged that shortly after June 1, 1964 the plaintiff had unlawfully rescinded, cancelled and terminated the lease theretofore entered into by the parties. More specifically, it was alleged that the plaintiff had

refused to accept the rent check which was tendered by Gorman for the month of June and that the plaintiff had previously taken possession of the leased premises, changed the locks thereon and had thereafter excluded the defendants and their agents from the premises.

It is the plaintiff's basic theory of the case that the defendants abandoned the leased premises and that it did not thereafter in any manner terminate the lease. Hence, according to the plaintiff, it is entitled to all monthly rentals until it succeeded in re-letting the premises in about March 1965. On the other hand, it is the defendants' theory of the case that they never abandoned the leased premises, but on the contrary had merely "closed down" for a few days with the intention at all times to eventually reopen the meat market conducted on the leased premises. And regardless of whether they abandoned the premises, say the defendants, the plaintiff by its conduct, including but not limited to the changing of the locks on the premises and the placing of a "For Rent" sign in the window, had effectively terminated the lease and had thereby excused the defendants from the payment of any further monthly rentals. As above indicated, the trial court found that the defendants had not abandoned the premises and that the plaintiff by "precipitous" conduct had itself terminated the lease, thereby relieving the defendants from any further payments of rent.

The issue as to whether in the instant case the defendants abandoned the premises and whether the plaintiff by its words and conduct terminated the lease is primarily a question of intent, such intent to be determined from the conduct of the parties. See *Ruple v. Taughenbaugh*, 72 Colo. 171, 210 P.72 and *Wilson v. Agnew*, 25 Colo. App. 109, 136 P. 96. There was considerable conflict in the evidence adduced upon trial by the plaintiff and defendants respectively. Additionally, the inferences to be drawn from the testimony were conflicting and in sharp dispute. In such situation we

as the reviewing court are bound by the findings of the trier of the facts, if there be evidence to support such findings. In our view there is evidence to support the trial court's finding that the defendants did not abandon the premises and that the plaintiff by its conduct had terminated the lease between the parties.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.