**No. C-506**

## Dorothy Turner v. Adrian Lyon and Kathryn Lyon

(539 P.2d 1241)

Decided August 18, 1975. Rehearing or modification of opinion denied September 8, 1975.

Gorsuch, Kirgis, Campbell, Walker and Grover, Howard J. Beck, for petitioner.

Edward Shindel, James B. Breese, for respondents.

Sheila H. Meer, for Legal Aid Society of Metropolitan Denver, amicus curiae.

Craig R. Carver, for Capitol Hill Tenants' Union, amicus curiae.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This case involves construction of the Security Deposit Act, section 38-12-101 *et seq.*, C.R.S. 1973.[1] The respondents Lyon (hereinafter "tenants") lived in a house owned by the petitioner Turner (hereinafter "landlord"). Thirty days after the tenancy terminated the landlord had neither returned the tenants' security deposit nor furnished them with an explanatory written statement for retaining it. Section 38-12-103(1). When the landlord still failed to return the money after the required seven-day notice of intent to sue, the tenants filed a claim in the county court for treble damages. Section 38-12-103(3)(a). The landlord counterclaimed for damages allegedly done to the house.

The tenants rested their case-in-chief on a pretrial stipulation and the statute. The landlord attempted to testify to the damage allegedly caused by the tenants to prove both lack of willfulness in withholding the deposit and to prove her counterclaim. The trial court dismissed the counterclaim and held the proffered testimony was immaterial on the question of willfulness. The trial court assessed treble damages, attorneys' fees and court costs against the landlord, which the superior court affirmed. We granted certiorari to review that judgment. We affirm the judgment for treble

---

[1]Formerly 1971 Perm. Supp., C.R.S. 1963, 58-1-26 *et seq.*

damages, attorneys' fees and court costs, but reverse on the dismissal of the counterclaim.

I.

Since the landlord failed to comply with section 38-12-103(1), the lower court ruled that she was barred from asserting her counterclaim. Section 38-12-103(2). The petitioner argues that this is a deprivation of equal protection because it creates an unreasonable class distinction between landlords who require security deposits and those who do not. U.S. Const., art. XIV, §1; Colo. Const., art. II, § § 6 and 25.

Section 38-12-103(1) provides *inter alia*:

"A landlord shall, within one month after the termination of a lease or surrender and acceptance of the premises, whichever occurs last, return to the tenant the full security deposit deposited with the landlord by the tenant, . . . In the event that actual cause exists for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement listing the exact reasons for the retention of any portion of the security deposit. . . ."

Section 38-12-103(2) states:

"The failure of a landlord to provide a written statement within the required time specified in subsection (1) of this section shall work a forfeiture of all his rights to withhold any portion of the security deposit under this section *or to bring suit against the tenant for damages to the premises*." (Emphasis added.)

There is a well-settled presumption that a statute is constitutional. *Gates Rubber Co. v. South Suburban Metropolitan Recreation and Park District*, 183 Colo. 222, 516 P.2d 436 (1973); *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973); *Allen v. Bailey*, 91 Colo. 260, 14 P.2d 1087 (1932). The landlord, as assailant of the statute, bears the burden of proving it unconstitutional beyond a reasonable doubt. *People v. Summit*, 183 Colo. 421, 517 P.2d 850 (1974); *People v. Sneed*, 183 Colo. 96, 514 P.2d 776 (1973); *Colorado Chiropractic Assn. v. Colorado*, 171 Colo. 395, 467 P.2d 795 (1970).

Where the equal protection clause is concerned, the sole test is whether there is a rational basis to uphold the classifications created by the statute. *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Gates Rubber Co. v. South Suburban Metropolitan Recreation and Park District, supra.*

Under section 38-12-103(2) a secured landlord may lose all causes of action for damages against the tenant within 30 days, whereas an unsecured landlord does not. This imposes an unreasonable and discriminatory class distinction between landlords. First, the landlord may wish to sue on acts which arise entirely separate and apart from those leading to the retention of the security deposit. Second, a penalty for the *unjustifiable retention* of a security deposit is expressly provided for in sec-

tion 38-12-103(3)(a). *See* discussion in section II, *infra*.

We hold that the emphasized portion of section 38-12-103(2) cited *supra*, which reads: "or to bring suit against the tenant for damages to the premises," is unconstitutional and is stricken from the statute. It was error for the trial court to dismiss the petitioner's counterclaim. We order it reinstated on remand.

## II.

Under section 38-12-103(2), the landlord's failure to comply with subsection (1) cost her the forfeiture of the entire security deposit. At issue is whether the tenants may thereafter sue for treble damages, attorneys' fees and court costs under section 38-12-103(3)(a). That section states:

"The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorneys' fees and court costs; except that the tenant has the obligation to give notice to the landlord of his intention to file legal proceedings a minimum of seven days prior to filing said action."

The tenants sent the required seven-day notice of intent to file suit. The landlord sent back a detailed written statement explaining why she was retaining their security deposit. That statement was 20 days too late and she did not return the deposit.

■ The landlord argues that the term "willful" generally means a wanton or reckless intent to do wrong. She asserts that because she allegedly had good and sufficient reasons to keep the security deposit, she did not willfully disobey the statute and should not be assessed the penalty. The trial court held that in context the term "willful" means "deliberate." We agree with the court's interpretation.

■ The most likely justification for requiring tenants to notify landlords prior to claiming treble damages, attorneys' fees and court costs is to give the landlord one last week to return the security deposit. The money actually belongs to the tenant; it was only security for the landlord, who has by unilateral action forfeited all right to retain any of it. If the landlord deliberately fails to return the security deposit during the additional seven-day period, the retention is logically "willful" under the Act.

We hold that if the landlord does not return a security deposit within the seven-day notice requirement of section 38-12-103(3)(a), the penalty provision attaches to that portion of the money wrongfully retained, plus attorneys' fees and court costs.

■ However, that statutory liability may be offset by an award, if any, made to the landlord by counterclaim for damages caused by the tenant to the property. *See* discussion in section I, *supra*. The landlord has the burden of proving the claim by a preponderance of the evidence.

This is a reasonable solution in light of the declared legislative intent: to protect the interests of tenants and landlords. Section 38-12-101.

The judgment for the tenants is affirmed. The judgment dismissing the landlord's counterclaim is reversed and the cause remanded to the superior court to remand to the county court with directions to reinstate the counterclaim and to hold a new trial on that issue, judgment if any to be offset against the judgment already entered for the tenants.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.