## No. C-756

### Heatherridge Management Company v. Patrick Benson

(558 P.2d 435)

Decided December 6, 1976.                    Rehearing denied January 24, 1977.

Belfor & Lapin, P.C., James B. Lapin, for petitioner.

Levine, Pitler & Westerfeld, P.C., Kent Jay Levine, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the decision of the Arapahoe County District Court, which affirmed the judgment of the county court in favor of respondent. This case arose from a dispute between petitioner Heatherridge Management Company, landlord, and respondent Patrick Benson, tenant, over the former's retention of a security deposit posted by the latter. After considering the merits, we affirm the judgment in part, reverse in part, and remand for hearing on respondent's claim for attorneys' fees.

Petitioner and respondent executed a lease agreement by which respondent rented an apartment from petitioner for the period January 23, 1973, to January 31, 1974. The parties agreed in a rider to the lease that in return for his services as assistant apartment manager respondent would receive free rent plus a salary. Petitioner held as a security deposit $250 which respondent had posted under a prior lease between the parties.

The parties subsequently ended their employment relationship. They then executed an amendment to the lease, setting respondent's monthly rental obligation at $191.11.

By a letter dated November 23, 1973, respondent notified petitioner of his intent to vacate his apartment. The letter stated:
"You are authorized to take from our damage/security deposit an amount to equal the rent, not allready [sic] paid, to cover a 30-day notice.from this day."

Petitioner, instead, charged respondent for the two months' rent remaining under the lease, plus cleaning costs, for a total of $424.72. Deducting the $250 deposit, petitioner claimed $174.72 from respondent. Although petitioner had advised respondent of his new address, notice of this claim was mailed to respondent's vacated apartment and never reached respondent.

Respondent filed suit in Denver County Court under section 38-12-103, C.R.S. 1973,[1] for recovery of his deposit, treble damages, attorneys' fees and costs. The venue was transferred to the Arapahoe County Court. Petitioner counterclaimed for damages and unpaid rent. The county court awarded the respondent treble damages to its jurisdictional limit of $500[2] and $250 attorneys' fees. On appeal to the district court, the judgment was affirmed and petitioner sought certiorari.

I.

Petitioner contends first that the trial court erred in holding that its employee released respondent from the last two months of his lease obligation. Petitioner argues that the evidence failed to show apparent authority in the employee to terminate the lease.

---

[1] Amended, Colo. Sess. Laws 1976, ch. 34, 38-12-103 at 314.
[2] Section 13-6-104(1), C.R.S. 1973. Jurisdictional limit has since been raised to $1,000. Section 13-6-104(1), C.R.S. 1973 (1975 Supp.).

■ Generally, the existence of apparent authority is a question of fact. *Gilmore v. Constitution Life Ins. Co.*, 502 F.2d 1344 (10th Cir. 1974). We are bound by the trial court's findings, if supported by sufficient competent evidence. *Payne Pontiac v. Ratliff*, 178 Colo. 361, 497 P.2d 997; *Berae Co. v. Gorman*, 168 Colo. 551, 452 P.2d 379.

■ We find sufficient evidence in the record to uphold the trial court. Respondent testified that in vacating his apartment he followed the same procedures which he, as assistant manager, had advised other tenants to follow. Termination of the lease was approved, according to respondent's testimony, by petitioner's leasing agent. Having found that petitioner accepted respondent's surrender of the apartment, the trial court properly rejected petitioner's counterclaim for unpaid rent. *Ruple v. Taughenbaugh*, 72 Colo. 171, 210 P. 72.

## II.

Petitioner next maintains that the trial court erred in awarding respondent treble damages under section 38-12-103, C.R.S. 1973. Section 38-12-103 provides in part:

"(1) * * * In the event that actual cause exists for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement listing the exact reasons for the retention of any portion of the security deposit. * * * The landlord is deemed to have complied with this section by mailing said statement and any payment required to the last known address of the tenant. * * *

"(2) The failure of a landlord to provide a written statement within the required time specified in subsection (1) of this section shall work a forfeiture of all his rights to withhold any portion of the security deposit under this section * * *.

"(3)(a) The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorneys' fees and court costs * * *."

Petitioner seeks to avoid the imposition of treble damages by arguing (1) notice was mailed to respondent's last known address; (2) notice is not required for retention of a deposit for nonpayment of rent; and (3) the deposit was not "wrongfully withheld" because respondent's letter of November 23, 1973, authorized retention.

■ The trial court found that petitioner failed to mail the required notice to respondent's new address, which respondent had given to petitioner. Instead, petitioner mailed it to the apartment just vacated by respondent. There is sufficient evidence in the record to support this finding. We note in particular the move-out sheet prepared by employees of petitioner, dated November 30, 1973, which contains respondent's new address.

■ Petitioner contends that notice need not be sent when a deposit is held for nonpayment of rent, relying on section 38-12-103(1), which concludes, "Nothing in this section shall preclude the landlord from retaining the security deposit for nonpayment of rent * * *." Petitioner's reliance is misplaced, however. The provision quoted above does not absolve landlords from the notice requirement; it merely permits them, upon proper notice, to apply deposits against unpaid rent.

■ Section 38-12-103(3)(a) makes the "landlord liable for treble the amount of that portion of the security deposit wrongfully withheld * * *." *See Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241. Here, respondent authorized petitioner in writing to retain that portion of his deposit equal to one month's rent, $191.11. In view of respondent's direction to petitioner, we cannot conclude that petitioner withheld that part of the deposit "wrongfully," within the contemplation of section 38-12-103(3)(a). Furthermore, respondent's letter effectively waived the notice requirement as it applied to that portion of the security deposit withheld. *Ewing v. Colorado Co.,* 133 Colo. 447, 296 P.2d 1040. This waiver does not violate section 38-12-103(7), which only prohibits such waivers "in or pertaining to a rental agreement * * *." As a result, petitioner wrongfully withheld only the difference between the total deposit and one month's rent, or $58.89. Petitioner is accordingly liable for treble that amount, or $176.67.

## III.

■ Petitioner urges finally that the trial court erred in awarding attorneys' fees to respondent without a hearing on their reasonableness. We agree. Section 38-12-103(3)(a) authorizes the award of "reasonable attorneys' fees * * *." The record contains no evidence of reasonableness of the fees awarded. Under these circumstances, we vacate the award of attorneys' fees and remand to the district court with directions to return the case to the county court for a hearing on the reasonableness of the attorneys' fees claimed. *Watson v. Watson,* 135 Colo. 296, 310 P.2d 554. The trial court may consider fees incurred on this appeal in framing its award.

Accordingly, the judgment is affirmed in part, reversed in part, and the cause remanded to the district court with directions to return the case to the county court for further proceedings consonant with the views herein contained.