## No. C-1036

## Eleanor Guzman and Diane French v.
## Larry McDonald and Larene McDonald

(570 P.2d 532)

Decided October 11, 1977.

Dawson, Nagel, Sherman & Howard, H. Clay Whitlow, for petitioners.

No appearance entered on behalf of respondents.

Myron A. Clark, Kent B. Connally, John B. Kusic, Robert A. Lubowitz, for amicus curiae, Legal Aid Society of Metropolitan Denver.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the trial court's refusal to award treble damages, attorneys' fees, and court costs in an action brought pursuant to the provisions of Colorado's Security Deposit Act. Section 38-12-101, *et seq.*, C.R.S. 1973.

Petitioners Guzman and French (tenants) leased residential property owned by respondents McDonald (landlords). After the tenants vacated the premises, the landlords, within thirty days of the termination, gave them written notice of their intent to retain the $150 security deposit. Section 38-12-103(1), C.R.S. 1973. A list of the specific reasons for the retention was included in this written notice. Tenants thereafter gave the landlords the required seven-day notice of their intent to sue for the return of their deposit, then filed suit in the county court. Section 38-12-103(3)(a), C.R.S. 1973.

The trial court found that the landlords sustained actual damage to their premises beyond normal wear and tear in the amount of $35.75. Accordingly, judgment was entered in favor of tenants in the amount of $114.25. The trial court, however, refused to assess treble damages, attorneys' fees, or court costs against the landlords. On appeal, the superior court affirmed on the basis that failure of the landlords to return the security deposit after having given notice of retention does not automatically establish a "willful" retention under the Act.

Tenants challenge the lower court's construction of the statute. They rely on our decision in *Turner v. Lyon*, 189 Colo. 234, 539 P.2d 1241 (1975). The statutory provision at issue in *Turner*, as well as in this case, is section 38-12-103(3)(a), C.R.S. 1973, which provides:

"The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenants, together with reasonable attorneys' fees and court costs. . . ."

In *Turner*, this court held that:

"[I]f the landlord deliberately fails to return the security deposit during the additional seven-day period, the retention is logically 'willful' under the Act.

"We hold that if a landlord does not return a security deposit within the seven-day notice requirement of section 38-12-103(3)(a), the penalty provision attaches to that portion of the money *wrongfully* retained, plus attorneys' fees and court costs." (Emphasis added.)

Tenants concede that the Act requires proof of two elements before a landlord is liable for the statutory awards of damages, fees, and costs: (1) willful retention, and (2) wrongful detention. They rely on *Turner, supra*, for the proposition that "willful" means deliberate. Tenants further contend that a "wrongful" detention is established by a finding that the extent of damage did not amount to the deposit which the landlords retained. They contend that even if a landlord in good faith believes that his retention of a security deposit is justified, he, nevertheless, holds the deposit at his peril. If his belief proves to be wrong, the tenants claim, the court must assess the statutory damages, fees, and costs. Such a construction of the statute would cause landlords to occupy a precarious and impossible position.

Tenants' arguments ignore the intent indicated by the General Assembly's requirement that the retention be "wrongful" as well as "willful." Their reliance on *Turner, supra*, is misplaced, since the court in that case was concerned only with the construction of the "willful" requirement and did not address the substance of the "wrongful" requirement.

A landlord who gives notice and lists the reasons for the retention of any portion of the security deposit should not be subjected to the statutory award of treble damages, attorneys' fees, and court costs in the absence of bad faith. Adequate protection is afforded tenants by the statutory requirement that the landlord must bear the burden of proof and must show that his withholding of any portion of the deposit was not wrongful. Section 38-12-103(3)(b), C.R.S. 1973. The landlord must establish that his retention was in good faith. The discrepancy between the amount retained and the amount of actual damages proved by the landlord is important evidence of his good faith.

The record in this case does not indicate that the trial court found the landlords' retention was in good faith. Such a finding was a prerequisite to the denial of treble damages and attorneys' fees under the circumstances of this case.

The matter is, therefore, returned to the superior court for remand to the trial court with directions to make findings and enter judgment consistent with the views expressed in this opinion.

MR. JUSTICE LEE does not participate.

MR. JUSTICE CARRIGAN concurs in the result.