Marc P. **MISHKIN**, Petitioner,

v.

Dean **YOUNG**, Respondent.

No. 03SC848.

Supreme Court of Colorado,
En Banc.

Feb. 28, 2005.

Fasing Law Firm, P.C., Gregory J. Fasing, Denver, for Petitioner.

Dean D. Young, Pro Se, Denver, for Respondent.

Colorado Legal Services, Manuel A. Ramos, David Bye, Jenifer Knight, Denver, Amicus Curiae for Colorado Legal Services.

Student Legal Services, Colorado State University, Kevin Daley, Kimi Jackson, Fort Collins, Amicus Curiae for Student Legal Services, Colorado State University.

University of Colorado Student Legal Services, Ned Jaeckle, Boulder, Amicus Curiae for University of Colorado Student Legal Services.

MARTINEZ, Justice.

In this landlord-tenant action, we consider whether section 38–12–103(3)(a), C.R.S. (2004), permits a landlord to avoid treble damages by accounting for the retention of a security deposit within seven days following a tenant's notice of intent to commence legal proceedings. We hold that a landlord may not avoid treble damages by accounting for the retention of a security deposit during the seven-day period established by section 38–12–103(3)(a). The judgment of the district court is affirmed.

## I. Facts and Proceedings Below

The relevant facts are not in dispute. On February 1, 1999, Marc Mishkin (landlord) and Dean Young (tenant) entered into a written residential lease agreement. By the terms of the lease, the tenant paid a total security deposit of $1,625.00 which was to be returned within forty-five days after the tenant surrendered the premises.

On August 3, 2001, the tenant vacated the property. During the course of the next forty-five days, the landlord neither returned the security deposit nor accounted for its retention. On September 20, 2001, forty-eight days after surrendering the premises, the tenant sent the landlord a demand notice for return of the security deposit pursuant to section 38–12–103(3)(a). The notice informed the landlord of the tenant's intention to commence legal proceedings seeking treble damages in seven days. Six days later, on September 26, 2001, the landlord responded by giving the tenant a detailed statement accounting for $1,574.60 worth of damage to the property and a check for $50.40 representing the balance of the security deposit.

The tenant filed suit in the county court seeking return of the security deposit and treble damages pursuant to section 38–12–103, C.R.S. (2004), of Colorado's Wrongful Withholding of Security Deposits Act (the Act). The Act requires a landlord to either return or account for a security deposit within one month of the tenant's surrender of the property unless the lease provides for a longer period not to exceed sixty days. The landlord counterclaimed for damages to the property. The county court found that the landlord failed to return or account for the security deposit within forty-five days as prescribed by the lease. The court also acknowledged that the landlord's failure to comply with section 38–12–103(1), C.R.S. (2004), worked a forfeiture of his right to withhold the deposit pursuant to section 38–12–103(2), C.R.S. (2004). Therefore, the court proceeded to assess whether treble damages were warranted under section 38–12–103(3)(a). The court found the landlord's retention willful because he deliberately failed to return the full amount of the security deposit within seven days after receiving the tenant's demand notice. Nevertheless, the court determined that this retention was not wrongful because the tenant caused $1,574.60 worth of damage to the property. The court made this determination notwithstanding its ruling that the landlord forfeited his right to retain the deposit under section 38–12–103(2). Consequently, the county court concluded the landlord was justified in withholding the retained portion of the security deposit and that treble damages were not available.

The tenant appealed and the district court reversed. The district court held that a landlord must either return a security deposit or provide an accounting for why the deposit had been retained prior to expiration of the statutory deadline set forth in section 38–12–103(1). Because the landlord here neither returned the deposit nor accounted for its retention within that time, the court held that under section 38–12–103(2), the landlord worked a complete forfeiture of his right to withhold the security deposit. Moreover, the district court held that pursuant to section 38–12–103(3)(a), the landlord was subject to treble damages, attorney fees, and costs.

In its endeavor to determine whether treble damages were warranted, the district court agreed with the county court that the landlord willfully retained the security deposit by failing to repay it within the seven-day period. However, unlike the county court, the district court determined that the landlord's retention was wrongful because he neither returned the security deposit nor accounted for its retention within the forty-five day retention period. Thus, where the coun-

ty court's determination of wrongfulness turned on whether the deposit was retained in good faith, the district court's determination turned on whether the accounting was made before the statutory deadline of section 38–12–103(1). Because the landlord failed to account prior to this deadline, the district court reversed the county court judgment and directed the county court to award the tenant treble damages for the retained portion of the security deposit in the amount of $4,723.80, plus attorney fees and costs. The district court also allowed the landlord an offset for the amount of damages sustained to the property. Thereafter, the landlord petitioned for certiorari. We granted review and now affirm.

█ The question raised on review is whether a landlord may avoid treble damages by accounting for the retention of a security deposit within seven days after a tenant serves a demand notice.[1] The tenant argues that the Act clearly and unambiguously denies a landlord a second opportunity to make such an accounting. He argues that pursuant to section 38–12–103(1), a landlord must either return a security deposit or account for its retention within one month, but no more than sixty days following a tenant's surrender of the premises. He contends that a landlord who fails to meet this requirement forfeits all rights to withhold the security deposit under section 38–12–103(2). Moreover, the tenant argues that because a landlord's noncompliance with section 38–12–103(1) works a forfeiture of his right to retain the deposit under section 38–12–103(2), once a tenant serves a seven-day demand notice pursuant to section 38–12–103(3)(a), a landlord's sole option to avoid treble damages is to return the full amount of the security deposit within seven days.

The landlord disagrees. The landlord does not dispute that section 38–12–103(1) requires a landlord to return or account for a security deposit within one month, but no more than sixty days following a tenant's surrender of the premises. However, he contends that a landlord who fails to meet this requirement is afforded a second chance to either return the security deposit or account for its retention during the seven days following a tenant's demand notice. He argues that once a tenant serves a demand notice pursuant to section 38–12–103(3)(a), a landlord has one more opportunity to avoid treble damages not only by returning the security deposit within the seven days, but also by accounting for why it was retained. He acknowledges that an additional grace period does not comport with the statutory deadline established by section 38–12–103(1) or the forfeiture provision of section 38–12–103(2). However, the landlord reconciles the provisions by asserting that the Act is ambiguous because an absolute forfeiture under section 38–12–103(2) would render the remaining provisions of the Act meaningless.

## II. Analysis

█ Our analysis begins with the Act itself. We review the proper construction of statutes de novo. *Lobato v. Industrial Claim Appeals Office*, 105 P.3d 220, 223 (Colo.2005). In construing a statute, our goal is to determine and give effect to the intent of the legislature and adopt the statutory construction that best effectuates the purposes of the legislative scheme. *People v. Yascavage*, 101 P.3d 1090, 1093 (Colo.2004). To reasonably effectuate the legislative intent, a statute must be read and considered as a whole and should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *State v. Nieto*, 993 P.2d 493, 501 (Colo.2000). "We read words and phrases in context and construe them literally according to common usage unless they have acquired a technical meaning by legislative definition." *Yascavage*, 101 P.3d at 1093; § 2–4–212, C.R.S. (2004). We presume that the General Assembly intended the entire statute to be effective and intend-

---

1. We granted certiorari to consider:
 Whether the district court erred in ruling that a landlord is automatically subject to section 38–12–103 triple damages and attorney fees for "willful" failure to return a tenant security deposit within the statutory deadline, where the county court found that the landlord's deposit retention was not "wrongful" because the tenant caused extensive property damage, and the landlord provided a timely accounting and refund to the tenant within the seven-day warning letter deadline.

ed a just and reasonable result. *People v. Luther*, 58 P.3d 1013, 1015 (Colo.2002); § 2–4–201(1)(b) and (c), C.R.S. (2004). Finally, if the statutory language unambiguously sets forth the legislative purpose, we need not apply additional rules of statutory construction to determine the statute's meaning. *People v. Cooper*, 27 P.3d 348, 354 (Colo. 2001).

With these principles in mind, we turn to section 38–12–103. Subsection (1) of the Act expressly states that a landlord shall return a security deposit or provide the tenant with a list of reasons specifying why any portion of it was retained within one month, but not later than sixty days after termination of the lease or surrender of the premises:

> (1) A landlord shall, within one month after the termination of a lease or surrender and acceptance of the premises, whichever occurs last, return to the tenant the full security deposit deposited with the landlord by the tenant, unless the lease agreement specifies a longer period of time, but not to exceed sixty days.... In the event that actual cause exists for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement listing the exact reasons for the retention of any portion of the security deposit. When the statement is delivered, it shall be accompanied by payment of the difference between any sum deposited and the amount retained....

§ 38–12–103(1). In this case, the lease specified that the landlord had forty-five days to either return the security deposit or provide the tenant with a written statement accounting for its retention. The landlord did not return the security deposit or provide the written statement accounting for its retention within the forty-five day period and thereby triggered subsection (2).

Subsection (2) of the Act declares that a landlord's failure to comply with subsection (1) works a forfeiture of all the landlord's rights to withhold any portion of the security deposit:

> (2) The failure of a landlord to provide a written statement within the required time specified in subsection (1) of this section shall work a forfeiture of all his rights to withhold any portion of the security deposit under this section.

§ 38–12–103(2). Thus, pursuant to subsection (2), the landlord forfeited his rights to withhold any portion of the security deposit. We note that the landlord did not forfeit any claim he had for damages to the property, but he did forfeit all rights to withhold any of the security deposit to satisfy that claim.

Upon forfeiture of the landlord's rights to withhold any portion of the security deposit, subsection (3)(a) authorizes a tenant to seek treble damages against a landlord after serving a seven-day demand notice:

> (3)(a) The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorneys' fees and court costs; except that the tenant has the obligation to give notice to the landlord of his intention to file legal proceedings a minimum of seven days prior to filing said action.

§ 38–12–103(3)(a). Here, after the tenant served the demand notice, the landlord accounted for his retention of $1,574.60 of the security deposit and returned the balance. We agree with both the county and district courts that the landlord's retention of $1,574.60 was willful because the landlord failed to return the entire security deposit within the seven-day period. *See Turner v. Lyon*, 189 Colo. 234, 237, 539 P.2d 1241, 1243 (1975). However, with respect to the element of wrongfulness, our reasoning departs from that of the county court and focuses on the landlord's failure to account for the retention of the deposit during the initial forty-five day period preceding the tenant's demand notice.

 According to the county court, the landlord did not wrongfully withhold the security deposit because the property was in fact damaged. We do not agree. The concept of wrongfulness, introduced in subsection (3)(a), refers to a landlord's failure to provide a written statement accounting for its retention during the initial period of the

accounting defined by subsection (1). By failing to account as required by subsection (1), or by accounting in bad faith, *see Guzman v. McDonald,* 194 Colo. 160, 162, 570 P.2d 532, 533 (1977), a landlord wrongfully retains the entire security deposit and forfeits all rights to withhold it. In contrast, by accounting for the retention of some, but not all, of the security deposit and failing to return any of the security deposit, a landlord wrongfully retains the portion for which he did not account. *Heatherridge Mgmt. Co. v. Benson,* 192 Colo. 190, 194, 558 P.2d 435, 438 (1976) (holding the landlord wrongfully withheld a portion of the security deposit because the notice requirement was effectively waived for the remainder by tenant's written statement). An additional accounting period within the seven days after a tenant gives notice of intent to sue would allow a landlord to continue to withhold the deposit notwithstanding his wrongful retention of the deposit or his forfeiture of all rights to withhold it. Thus, although the landlord here accounted for his retention of a portion of the deposit during the seven-day period under subsection (3)(a), the Act clearly and unambiguously requires the accounting to be made, for any part of the deposit retained, prior to the statutory deadline of subsection (1).

We have previously reviewed these provisions, and as evidenced by our cases, a landlord cannot avoid treble damages by accounting for a security deposit, or some portion of it, after the statutory deadline of subsection (1) has passed. It is also evident from our cases that the purpose of the seven-day period following a tenant's demand notice is to give landlords one last opportunity to avoid treble damages only by returning the entire security deposit. It follows then, that an accounting made during the seven-day period would not permit a landlord to avoid treble damages because the seven-day period is necessarily beyond the statutory deadline of subsection (1).

For example, in *Turner,* we explicitly stated that the purpose of the seven-day notice period created by subsection (3)(a) was to give landlords "one last week to return the security deposit." 189 Colo. at 237, 539 P.2d at 1243. In *Turner,* we affirmed an award of treble damages because the landlord accounted for the security deposit twenty days after the statutory deadline of subsection (1), thereby making the accounting "20 days too late." *Id.* Thus, *Turner* implied that an accounting made during the seven days following a tenant's demand notice would not shield a landlord from treble damages.

Subsequent to our decision in *Turner,* we revisited subsection (3)(a) in *Guzman,* 194 Colo. at 161–62, 570 P.2d at 533. In *Guzman,* we determined that a landlord who accounts for a security deposit within thirty days of a tenant's surrender of the premises is not subject to treble damages in the absence of bad faith. *Id.* Because the landlords accounted for the security deposit within the statutory period established by subsection (1), it was implicit in *Guzman* that an accounting made after this period would not protect a landlord from treble damages.

In *Martinez v. Steinbaum,* 623 P.2d 49 (Colo.1981), it was again implicit that a landlord may not avoid treble damages by accounting for a security deposit within the seven-day period. In *Martinez,* we directed the district court to award treble damages after a landlord forfeited his right to retain a security deposit by never accounting for its retention. *Id.* at 55. Our reasoning simply proceeded through each provision of the Act. Pursuant to subsection (1), "before a landlord can retain a tenant's security deposit, he must provide the tenant with a written statement listing the exact reasons for the retention of any portion of that deposit." *Id.* at 54 (internal quotations omitted). The landlord's failure to provide such a statement worked a forfeiture of all the landlord's rights to withhold any portion of the security deposit under subsection (2). *Id.* It is the failure to provide a tenant with the written statement statutorily mandated by subsection (1), giving the reasons for the failure to return the deposit, that make the withholding of a deposit wrongful. *Id.* at 54 (citing *Heatherridge Mgmt. Co. v. Benson,* 192 Colo. 190, 558 P.2d 435 (1977)). We concluded that pursuant to subsection (3)(a), the tenants were entitled to treble damages for the amount of the forfeited security deposit. *Id.*

Thus, *Martinez* demonstrates that forfeiture results from a landlord's failure to account for a security deposit prior to the statutory deadline of subsection (1) and that a subsequent opportunity to account is not provided by the Act.

■ These cases implicitly indicate that a landlord's failure to account for a security deposit as required by subsection (1) constitutes a forfeiture of all rights to withhold any portion of the deposit and subjects the landlord to treble damages. A landlord may avoid treble damages only by returning the entire security deposit during the seven days following a tenant's demand notice. An accounting during this seven-day period does not protect a landlord from treble damages because this period is beyond the statutory deadline of subsection (1) and the landlord has already forfeited all rights to retain the deposit. The purpose of the seven-day notice provision in subsection (3)(a) is to give landlords one last week to avoid treble damages by returning the security deposit. It does not give landlords a second chance to account for the deposit. "The money actually belongs to the tenant; it was only security for the landlord, who has by unilateral action forfeited all right to retain any of it." *Turner*, 189 Colo. at 237, 539 P.2d at 1243. Therefore, we now make explicit what has been implicit in our prior rulings: We hold that a landlord may not avoid treble damages by accounting for a security deposit during the seven-day period following a tenant's demand notice.

Contrary to the landlord's contention, our interpretation does not render the remaining provisions of the Act meaningless. Subsection (2) performs a critical function by encouraging most landlords to expeditiously account for their tenants' security deposits. Yet the case may arise where a landlord finds forfeiture an insufficient inducement to account for the withholding of a tenant's security deposit. In such situations, the prospect of treble damages provided for by subsection (3)(a) proves instrumental. Not only do treble damages act as a formidable deterrent to landlords who might otherwise wrongfully withhold a tenant's security deposit, but they also give tenants an enticing

legal remedy where the alternative is to forgo a relatively small but often vital sum of money. The irony of the landlord's contention is that had the General Assembly intended to permit a landlord to account for a deposit after the statutory deadline of subsection (1), not only would subsection (2) be rendered meaningless because there could be no forfeiture, but the time requirements in subsection (1) would serve no purpose. Were we to adopt such a construction, a landlord could ignore subsection (1) entirely without repercussion. We reject this contention.

■ The purpose of the Act is to ensure the timely and equitable disposition of security deposits. *See* § 38–12–101, C.R.S. (2004). The Act was passed to control the practices of landlords who withhold, without justification, their tenants' damage deposits. *Houle v. Adams State College*, 190 Colo. 406, 407, 547 P.2d 926, 927 (1976). It is designed to assist tenants in vindicating their legal rights and to equalize the disparity in power which exists between landlord and tenant. *Martin v. Allen*, 193 Colo. 395, 396, 566 P.2d 1075, 1076 (1977). Therefore, we hold that a landlord who fails to account for a tenant's security deposit within the statutory time period set forth in section 38–12–103(1) may not avoid treble damages by accounting for a security deposit during the subsequent seven-day period established by section 38–12–103(3)(a).

■ By the terms of the lease agreement, the landlord here was required to either return the security deposit or account for its retention within forty-five days after the tenant's surrender of the premises. The landlord failed to satisfy this requirement. Instead, after receiving the tenant's notice of intent to seek treble damages, the landlord sent the tenant a written statement accounting for most of the deposit together with a check for the balance of $50.40. This accounting did not absolve the landlord of liability for treble damages. The landlord's failure to return the security deposit within forty-five days after the tenant's surrender of the premises established that the retention of the entire deposit was wrongful. *See Martinez*, 623 P.2d at 54. The landlord's deliber-

ate failure to return the entire security deposit within the seven days following the tenant's demand notice satisfied the element of willfulness. *See Turner*, 189 Colo. at 237, 539 P.2d at 1243. Although the landlord does not argue that only the portion he returned after receiving the tenant's notice of intent to seek treble damages was wrongfully retained, we note that here the entire deposit was wrongfully retained. A landlord wrongfully retains only a portion of a deposit when he timely accounts for the retention of part of the deposit, but does not return the portion for which he has not accounted. Here none of the deposit was timely accounted for within the forty-five days after the tenant's surrender of the premises as provided by section 38–12–103(1) and the terms of the lease. Thus, the entire security deposit was wrongfully retained even though the $50.40 that the landlord returned within the seven-day period was not willfully retained. Under these circumstances, treble damages were warranted based on the part of the security deposit that was not returned within the seven-day period, and the district court was correct to award them.

### III. Conclusion

The judgment of the district court is affirmed.

Justice KOURLIS concurs in part, and dissents in part.

Justice KOURLIS concurs in part, and dissents in part.

I concur in part and dissent in part. I agree that the landlord did not account for or return the security deposit within the applicable time frame, and is thus liable for treble damages and attorneys' fees. I disagree, however, as to the majority's construction of "wrongfully withheld" and the amount of such treble damages.

A landlord who fails to account for a tenant's security deposit within the statutory period may not avoid treble damages by accounting for the deposit during the subsequent seven-day period; thus, section 38–12–103(3)(a) requires judgment against him for treble the amount wrongfully withheld. In my view, however, the amount wrongfully withheld is $50.40, rather than the entire security deposit.[1]

The majority holds that because none of the deposit was accounted for within the 45 days after tenant's surrender of the premises, the entire security deposit was wrongfully withheld. The majority suggests that treble damages will be assessed against a portion of the security deposit only where a landlord timely accounts for the retention of part of the deposit but fails to return the portion for which no accounting is made. I disagree.

### I. Statutory Requirement

The applicable statute provides, first, that the landlord shall return the security deposit to the tenant, or the deposit minus any retention, within one month after termination or within a longer period of time—not to exceed sixty days—as provided by the lease agreement. § 38–12–103(1). Second, the landlord's failure to return the deposit or provide a written statement within the required time forfeits the landlord's rights to withhold any portion of the security deposit. § 38–12–103(2). Where the landlord fails to comply with subsection (1), subsection (3)(a) grants him one last chance to avoid liability for treble damages by returning the entire security deposit to the tenant before the filing of a complaint. I agree that the seven day period is not an additional grace period for the landlord to provide an accounting—and, to this extent, I concur with the majority.

However, I differ as to the application of the provision in subsection (3)(a) that provides:

"The willful retention of a security deposit in violation of this section shall render a landlord liable for *treble the amount of that portion of the security deposit wrongfully withheld* from the tenant, together with reasonable attorneys' fees and court costs."

1. The landlord would thus be liable for the full security deposit, $151.20 in damages, the tenant's attorneys' fees and costs.

§ 38–12–103(3)(a)(emphasis added). The plain language of this provision first requires proof that the retention of the security deposit was *willful.* Then, treble damages will attach, calculated based on that portion of the security deposit *wrongfully* withheld. I read the statute as unambiguous on that point: otherwise, the language would direct that willful retention of the security deposit beyond the return date would subject the landlord to liability for treble the amount of the security deposit. The language is not framed in that manner, but rather mandates trebling of "the amount of *that portion of the security deposit wrongfully withheld* from the tenant." § 38–12–103(3)(a) (emphasis added). Thus, the statute distinguishes between forfeiture of the entire security deposit under subsection (2) and treble damages for a wrongful withholding under subsection (3)(a). Where the landlord had actual cause to retain a portion of the deposit, his retention cannot be wrongful. § 38–12–103(1).

In *Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975), the landlord failed to return the security deposit to the tenants before the tenants filed a demand-notice pursuant to section 38–12–103(3)(a). After the notice, the landlord sent a statement explaining why she was retaining their deposit. The tenants filed a claim in the county court for treble damages. On appeal, the court was concerned only with the construction of "willful" and did not address the substance of the "wrongful" requirement. We concluded the landlord could not cure her failure to account during the seven-day notice period and that the penalty provision of section 38–12–103(3)(a) "attaches to that *portion of the money wrongfully retained.*" *Id.,* at 237, 539 P.2d at 1243 (emphasis added).

Following *Turner,* we implicitly addressed the meaning of "wrongfully withheld" in *Heatherridge Mgmt. Co. v. Benson,* 192 Colo. 190, 558 P.2d 435 (1977) *overruled on other grounds by Schneiker v. Gordon,* 732 P.2d 603 (Colo.1987). In *Heatherridge,* the tenant quit the rental premises and authorized the landlord to deduct one month's rent from the security deposit but the landlord failed to return any of the security deposit. We held that only the portion beyond the amount held for one month's rent had been wrongfully withheld, thus, damages were calculated on the basis of treble that amount.[2] *Id.* Our decision was not dependent upon whether an accounting was provided before or after the statutory period. In fact, the trial court had found that the landlord failed to mail an accounting to the tenant at his new address. Therefore, I disagree that *Heatherridge* established that any amount not accounted for is "wrongfully retained."

We again addressed the issue of wrongful retention as it relates to treble damages in *Guzman v. McDonald,* 194 Colo. 160, 162, 570 P.2d 532, 533 (1977). After the tenants vacated the premises, in that case, the landlord gave them written notice of his intent to retain the $150 security deposit. The tenants then filed a suit in county court. The trial court found that the landlord sustained actual damages of $35.75 and accordingly entered judgment in the amount of $114.25 in favor of the tenants but denied treble damages. *Id.* at 161, 570 P.2d at 532. On appeal, this court determined that the trial court must find the landlord's retention of the security deposit was in good faith before denying treble damages and attorneys' fees and costs. In *Guzman,* we emphasized that the general assembly intended that the retention be "wrongful" in addition to "willful" and held that "a landlord who gives notice and lists the reasons for the retention of any portion of the security deposit should not be subjected to the statutory award of treble damages ... in the absence of bad faith."[3] While the landlord in *Guzman* provided notice to the tenants prior to the 30 days, I view the principle concerning calculation of the amount wrongfully retained as relevant here.

The final case on which the majority relied, *Martinez v. Steinbaum,* 623 P.2d 49 (Colo. 1981), is factually distinct from *Heatherridge*

---

**2.** The security deposit was $250; rent was $191.11; Landlord therefore wrongfully withheld $58.89 and was accordingly held liable for $176.67.

**3.** That court further noted that the "discrepancy between the amount retained and the amount of actual damages proved by the landlord is important evidence of his good faith." *Id.*

and *Guzman*. In that case, the landlord never presented a statement explaining the retention of the security deposit and the court did not consider the landlord's actual damages. The case was remanded to the district court for an entry of an award of $495: treble the security deposit.

## II. Application

In this case, the Young–Mishkin lease was terminated August 3, 2001. The county court found that the applicable period for return of the security deposit was 45 days, extended by operation of amendment to the lease upon the second year. Thus, Mishkin was required to return the security deposit or provide an accounting by September 17, 2001 to avoid forfeiture of the entire security deposit. Application of the statute to those findings lead to the conclusion that Mishkin did indeed violate the statute by failing to return or account for the deposit within 45 days after August 3, 2001.

When Mishkin failed to contact Young before the expiration of the applicable period, Young filed a demand notice on September 20, 2001. In response, Mishkin provided an accounting, receipts, and a check in the amount of $50.40 on September 26, 2001. The county court found that the damage to the premises exceeded the amount retained by Mishkin, but that the accounting was inadequate to avoid forfeiture under the statute.

By virtue of the county court finding that the withholding was not wrongful as to the $1,574.60, I would conclude that the statute mandates an award of treble the amount of $50.40 plus attorneys' fees and costs to the tenant, Young—not treble the amount of $1,574.60.

## III. Conclusion

The majority concludes that a failure to provide an accounting within the statutory time frame makes the retention of any portion of the security deposit necessarily wrongful. I disagree. That construction vitiates the need for the qualifying language in the statute itself, because mere retention beyond the 30 (or 45 day period here) would trigger trebling of the entire amount of the deposit: not trebling of "that amount wrongfully withheld."